## DAWSON *against* COLES.

THIS was an action of covenant, on a sealed note or instrument, dated the 12th of *June*, 1815, by which the defendant covenanted to pay the plaintiff, or his heirs, two years after date, the sum of 250 dollars. The defendant pleaded, 1. *Non est factum*: 2. Payment: 3. A release: and, 4. That before the commencement of this action, to wit, on the 24th of *June*, 1817, the plaintiff brought an action in the Justice's Court of the city of *New-York*, for the sum of 100 dollars, upon the very same identical writing, covenant or agreement before mentioned, and that such proceedings were thereupon had, that the plaintiff, on the 30th of *June*, 1817, and before the commencement of this action, recovered against the defendant the sum of 26 dollars, and 50 cents, being all the balance that was then due to, and claimed by, the plaintiff, upon the said covenant, with costs, and that the defendant, on the same day, paid the plaintiff the balance adjudged to him, with the costs.

To the second and third pleas respectively, the plaintiff replied an assignment of the covenant to one *William Brady*, with notice to the defendant, and that this suit was commenced for the benefit of *Brady*. To the *fourth* plea the plaintiff replied, that before the 21st of *June*, 1817, to wit,

An obligation or covenant may be assigned by writing not under seal. Where an obligation or covenant for the payment of money having been assigned, and notice of the assignment given to the obligor or covenantor, an action is brought by the assignee in the name of the assignor, upon the obligation or covenant, to which the defendant pleads a former recovery and satisfaction, the plaintiff may reply the assignment with notice thereof to the defendant, and notice to him that the former action was not prosecuted by the authority and for the benefit of the assignee.

on the 4th of *September*, 1815, the plaintiff, for a valuable consideration, sold, transferred, and assigned over the sealed note, covenant or agreement in the declaration mentioned, to a certain *W. Brady*, for his own use, of which transfer and assignment, the defendant, on the same day, had notice ; and the plaintiff avers, that this action was commenced, and is prosecuted for the sole use and benefit of *Brady*, for the purpose of enabling him to receive and collect the money due on the note ; and that the suit in the Justice's Court was not prosecuted by the order, or on account of *Brady*, of which the defendant had notice, by *Brady's* appearing in the Justice's Court on the trial of the cause, and then and there producing the said sealed note, covenant or obligation, together with the assignment thereof, wrtiten thereon, and subscribed by the plaintiff, and by *Brady's* then and there claiming the money due upon the note, and declaring, that the action in the Justice's Court was not prosecuted by his order, or on his account, or for his benefit.

To the replications to the second and third pleas, the defendant rejoined, concluding to the country. To the replication to the fourth plea, there was a general demurrer, and joinder in demurrer.

*Cowdrey*, in support of the demurrer. 1. It is not alleged that the assignment of the covenant or obligation was under seal ; and it must not be inferred to be under seal, unless it is expressly averred to be so. (1 *Saund.* 291. note 1.)

2. Here has been a suit, and recovery of judgment against the defendant, on this obligation, and a payment by him of the balance found against him with the costs. If the defendant is compelled to pay it over again, in this suit, to *Brady*, he cannot recover the amount back from the plaintiff. (*Marriott* v. *Hampton*, 7 *Term Rep.* 269. *Moses* v. *M'Farlan*, 2 *Burr*, 1009. 2 *Hen. Bl.* 414, 415, 416. 2 *Esp. N. P. Cases*, 546.) A person who has been compelled by a competent jurisdiction, to pay a debt once, ought not to be compelled to pay it over again. (*Embree* v. *Hanna*, 5 *Johns. Rep.* 101, 102.)

Again ; the effect of this replication is to try the record

of the recovery in the Justices' Court, and which can be tried only by itself. (*Croswell* v. *Byrnes*, 9 *Johns. Rep.* 290 )

If it should be pretended, that the verdict in the Justice's Court was obtained through collusion or fraud, it may be answered, that the assignee should seek relief in a Court of Chancery. (1 *Vesey*, jun. 427. 3 *Bro. C. C.* 463. 1 *Sch. & Lefroy*, 205.)

*J. Smith*, contra. 1. A *chose in action* cannot be assigned so as to vest the *legal* right in the assignee. However technical or formal the assignment may be, it transfers only an *equity*; and it is that *equity* of which courts of law have, of late, taken notice. The assignment may be by deed, or writing, or by *parol*; if made to appear in either way, the Court will protect the equitable right of the assignee. It is enough, if he can show that he is entitled to the money. A bare delivery of the note or obligation to him, amounts to an equitable assignment. (3 *Johns. Rep.* 71. *Canfield* v. *Monger*, 12 *Johns. Rep.* 346. 4 *Taunt.* 326. 4 *Term Rep.* 690. 2 *Dallas*, 49.)

Again; after a fair assignment of a debt, and notice thereof to the debtor, the assignee is the true creditor, and the assignor, or original creditor, has no right whatever to interfere, but is a mere nominal plaintiff. (*Eels* v. *Finch*, 5 *Johns. Rep.* 194. 2 *Mass. Rep.* 96. 4 *Mass. Rep.* 508. 1 *Dallas*, 139. 1 *Bos. & Pull.* 447. 1 *Johns. Cases*, 51. 411.) The defendant might as well have pleaded a recovery against him by a stranger. Whether the verdict was obtained by fraud or collusion between the plaintiff and defendant, or by the mistake of the Justice, makes no difference. It was the duty of the defendant, who knew that B. was the equitable owner of the note, to have made a defence, and prevented a recovery by the plaintiff.

If the nominal plaintiff or assignor may bring a suit when he pleases; and the defendant, knowing of the assignment, may be protected by such suit, the rights of the equitable plaintiff may always be defeated; and the power which courts of law have assumed for his protection, will be unavailing.

ALBANY,
January, 1819.
⁓⁓⁓
DAWSON
v.
COLES.

Again; the recovery against the defendant was for 26 dollars and 50 cents, which he has pleaded in bar, without accounting for the residue of the note, or 231 dollars. A recovery for 26 dollars is not a bar to a note for 250 dollars.

Again; The obligation being for the sum of 250 dollars, the Justice's Court had no jurisdiction.

*Griffin,* in reply, said, that the sealed note or instrument was never intended by the parties to be negotiated; nor did the defendant mean to be accountable to a third person.

But the ground of defence is, that the defendant has already paid the debt. The plaintiff, in his replication, does not negative, that more than 26 dollars and 56 cents was due, on the note. It must, therefore, be taken to be the fact. *Brady* was before the Justice's Court, and should have defended the suit, so as to have prevented a recovery by the plaintiff. The defendant having been compelled by one court having jurisdiction, to pay the money, cannot be compelled in another court, to pay the money over again.

SPENCER, J. delivered the opinion of the Court. Two points were made : 1. That the assignment of the sealed obligation to *Brady,* not being under seal, no interest passed; 2. That the judgment and proceeding in the Justice's Court, was a bar to this suit.

It has even been doubted, whether a freehold interest in land might not be conveyed by writing without seal. This Court has decided, that a lease for years may be assigned without seal; and, in *Runyan* v. *Mersereau,* (11 *Johns. Rep.* 538.) we held, that a mortgage might be assigned by parol, accompanied with a delivery. There is no foundation for this objection.

This Court has repeatedly declared its determination to notice and protect the assignee of a *chose in action,* against the frauds of the assignor and the obligor, or promiser. Here it is evident, from the facts set out in the replication, that the sealed obligation had been assigned to *Brady ;* that he had given notice to the defendant long before the suit in the Justice's Court, and that suit was a mere contrivance

between these parties to cheat B. out of his debt ; for he appeared in that Court, having the sealed note in his possession, and stated, that he owned the debt, and that the suit there was not prosecuted by his orders, or for his benefit. We are authorized to infer a contrivance between these parties to defraud *Brady ;* for, otherwise, the suit could not have proceeded, as the plaintiff was not possessed of the covenant on which he sued. It was the duty of the defendant to have pleaded the assignment to *Brady*, and that the suit was not prosecuted by him, or for his benefit, the defendant having had notice of the assignment. To uphold this proceeding would be sanctioning a fraud upon the assignee.

Judgment for the plaintiff.