## HUDSON & STOKES vs. WEIR & TATE.

[ASSUMPSIT ON PROMISSORY NOTE—SET-OFF.]

1. *Sufficiency of evidence question for jury.*—Where notes on plaintiff, purchased from a third person, are offered as a set-off, and there is some evidence tending to show that the ownership of them passed by the contract of sale, while the bill of exceptions does not purport to set out all the evidence, there is no error in overruling the plaintiff's motion to exclude the set-off from the jury.

2. *Statute of frauds as to contract of sale.*—A contract for the sale of promissory notes, at a price not exceeding two hundred dollars, is not required to be in writing, although the notes are not delivered at the time, nor any part of the price paid.

3. *Set-off.*—Under the Code, (§§ 2129, 2240,) a party may use as a set-off a promissory note of which he is the equitable owner, although he may not have the legal title.

4. *When title passes by contract of sale.*—Where any thing remains to be done at the time the contract is made, to determine the identity, quantity, or price of the thing sold, the contract is executory, and the title does not vest in the purchaser ; but a sale of promissory notes, at a price not exceeding two hundred dollars, may be so made, without writing, without delivery of the notes, and without payment of any part of the price, as to invest the purchaser with the equitable title and ownership.

5. *Transferror incompetent witness for the transferree.*—Under the Code, (§ 2290,) the transferror, or assignor of the note sued on, is not a competent witness for the plaintiff.

APPEAL from the Circuit Court of Benton.

Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by the appellants, and was founded on the defendants' promissory note for $100, dated Sept. 14, 1853, payable on the 25th December then next, to Samuel A. Hollingsworth or order, and assigned by said Hollingsworth to said plaintiffs. The defendants pleaded the general issue, and set-off, in short by consent.

The bill of exceptions, after stating that the plaintiffs read in evidence the note and endorsement, proceeds as follows : " The proof showed that said note originated in the following manner :—Hollingsworth and Weir had a controversy about an old mill and its appurtenances, which they submitted to the award of arbitrators ; and the arbitrators awarded, that said Weir should make the note sued on, payable 25th December afterwards, and should, in addition, pay Hollingsworth fifteen dollars in cash. When said note was executed and delivered, simultaneously therewith it was handed over to Stokes, one of the plaintiffs, in the presence of the defendant, before it was due ; and said Stokes notified the defendants that he was the owner and holder thereof. At the same time when the note was executed and transferred to the plaintiffs, Weir stated, and notified Stokes, that he had off-sets to it against Hollingsworth, in the shape of two notes, amounting to about seventy dollars, (owned by Francis & Clark,) and purchased from Clark a few days before said note was made; for which notes, he, said Wier, agreed to execute his own note, payable in lumber, for half the amount of said two notes payable to said Clark. But the proof showed that Clark had not delivered said notes to Weir, until about three weeks after the note sued on was executed and transferred to plaintiffs. The reason why said notes were not delivered when the trade was made, was, that Dr. Clark was then on his way visiting patients, and told Weir that the notes were at his office, and that he could call and get them at any time. Neither did Weir execute his note for half the amount, payable in lumber, until about three weeks after the making and transferring of the note sued on. The proof showed, also, that the defendants, at the time said note was executed and transferred to the plaintiffs, paid said Hollingsworth fifteen dollars in cash, in pursuance of said award ; ten dollars of which sum went to pay the arbitrators, which was part of the award. Upon

this proof, the plaintiffs moved to exclude said off-sets from the jury, for the reason that the defendants, at the time of the transfer to the plaintiffs and notice thereof to the defendants, had not such title and property in them as would entitle them to use said notes as off-sets to the note sued on ; and for the further reason, that said note being transferred to plaintiffs *eo instanti* upon its execution and delivery, the right of set-off would not attach under the facts proved. But the court refused to exclude said set-off from the jury, and said, that it was a question for the jury, from the facts which were in issue, whether the defendants held the set-off, *bona fide*, before the transfer ; and the plaintiffs excepted."

· " During the trial, the defendants offered another set-off, it being a note made by said Hollingsworth to the defendant Tate, before the note sued on was made ; and that, with said other two notes, amounted to about the sum of the note sued on. The plaintiffs then offered said Hollingsworth as a witness ; and the defendants objected to him, on the ground that he was interested in the event of the suit, being the transferror of the note sued on. The court excluded his evidence from the jury, and the plaintiffs excepted."

" Thereupon, the court charged the jury, among other things, as follows : ' The jury must be satisfied from the proof that Weir was the real owner of the notes offered as a set-off before the transfer to the plaintiffs of the note sued on, to entitle him to use them as a set-off in this action. If the defendants obtained the notes on condition, then the notes cannot be used as a set-off in this action. If the jury believe from the proof that the defendants purchased said notes from Dr. Clark, in good faith, before the transfer and assignment of the note sued on, and that this purchase and sale was made in good faith, and was so intended and understood by the parties at the time of said purchase and sale, and that the notes were then and now the property of the defendants,— the jury will then allow the notes as a set-off.' To this charge the plaintiffs excepted."

The rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

G. C. WHATLEY, for the appellants.—1. The title to the

notes on Hollingsworth did not pass to Weir by the agree-
ment with Dr. Clark. Weir agreed to give his own note, for
one half the amount of these notes, payable in lumber ; but
the amount then due on them was not ascertained, and could
not be ascertained, without a calculation of interest, and a
computation of the amount due. The contract was not
complete, and the title to the notes did not pass to Wier, until
these things were done.—Screws v. Roach, 22 Ala. 676 ;
Magee v. Billingslea, 3 Ala. 679 ; Hull v. P. & M. Bank,
6 Ala. 763 ; Story on Contracts, § 116 ; Eskridge v. Glover,
5 Stew. & P. 270 ; 10 Ala. 926 ; 7 Dana, 59.

2. Hollingsworth was a competent witness for the plain-
tiffs. He was not called to prove the cause of action, or
consideration ; for that was admitted. His interest, if any,
was balanced.—3 Ala. 456 ; 21 Ala. 678 ; 25 Ala. 313 ;
10 Harr. 494.

M. J. TURNLEY, contra.—1. It was not necessary, to entitle
the defendants to the benefit of the set-off, that the legal title
to the notes should have passed by the contract with Clark.
Code, §§ 2240, 1531. That the question was properly sub-
mitted to the decision of the jury, see Mardis v. Shackleford,
4 Ala. 493 ; Adams v. Davis, 16 Ala. 748.

2. That Hollingsworth was an incompetent witness, see
section 2290 of the Code.

RICE, C. J.—It may be conceded that no title to the notes
on Hollingsworth passed to Weir by the contract between
him and Dr. Clark in relation to them, if that contract
consisted simply of a stipulation, on the part of Clark, that
he would sell and deliver them to Weir, for Weir's note for
half their amount, payable in lumber, and of a stipulation on
Weir's part, that he would give his note accordingly for them;
for, in that case, the law would regard the stipulations as
mutual and dependent, and the sale as incomplete until those
stipulations were performed. But, upon the case as presented
in the bill of exceptions, we cannot say that such was the
contract. The bill of exceptions does not profess to set forth
all the evidence ; and a portion of that which it does set
forth, tends to show that, by the contract, Weir's right to

those notes, and to the possession of them, was not dependent on his prior or concurrent execution of his note to Clark. Whether that portion of the evidence was *sufficient* to establish the proposition which it thus tended to establish, was a question upon which it was proper for the jury to pass, under proper instructions from the court. There was, therefore, no error in overruling the plaintiff's motion "to exclude said off-sets from the jury."—Adams v. Davis, 16 Ala. R. 748.

We think the charge of the court equally free from error. It distinctly informed the jury, that if defendant obtained the notes *on condition*, they could not be used as sets-off in this action. It also informed them, that unless they were satisfied from the proof that Weir was the real owner of the notes, before the note sued on was transferred to the plaintiffs, he could not use them as a set-off in this action. It also informed them, that if they believed that the defendant, in good faith, purchased the notes from Dr. Clark, before the note sued on was transferred to the plaintiffs, "and this purchase and sale was made in good faith, and so intended and understood by the parties at the time of the sale and purchase ; and that the notes were then and now the property of the defendant, the jury will then allow the notes as a set-off in this case."

As the contract for the sale of the notes was for a price not exceeding two hundred dollars, our statute of frauds did not require it to be in writing, although the buyer did not receive the notes at the time, nor pay any part of the price.—Code, § 1551.

By our Code, " the party really interested" in promissory notes, the equitable owner of them, may sue on them, or use them as sets-off, if there be no better objection to his doing so, than that he has not *the legal* title to them.—Code, §§ 2129, 2240.

There can be no doubt that, in this State, a sale of two specified promissory notes, at a specified price, not exceeding two hundred dollars, may be so made as to invest the purchaser with the equitable title and ownership of them, without writing, without delivery at the time of the sale, and without the payment of any part of the price at that time.—Magee v. Billingslea, 3 Ala. Rep. 679 ; Tucker v. Daly, 7 Grattan's Rep. 330 ; Mogg v. Baker, 3 Mees. & Welsby, 194 ; Bloxam

v. Sanders, 4 Barn. & Ald. 941; Murchison v. White, 8 Iredell, 55 ; Everett v. Strong, 5 Hill's (N. Y.) Rep. 163 ; Ford v. Stuart, 19 Johns. R. 342 ; Master v. Buller, 4 T. R. 340 ; Dawson v. Coles, 16 Johns. 51 ; 1 Wheaton, 235 ; 5 Wheaton, 277 ; Waterman v. Williamson, 13 Iredell, 198 ; Crawford v. Smith, 7 Dana, 60.

We concede the correctness of the doctrine, that if anything remains to be done at the time the contract is made, either to determine the identity of the thing sold, the quantity, or the price, the contract, until such things are done, is executory, and the title does not vest in the purchaser.—Screws v. Roach, 22 Ala. R. 676 ; Crawford v. Smith, 7 Dana's Rep. 60.   But that doctrine may be reconciled with the rulings of the court above noticed.

The transferror, or assignor of the note sued on, is not a competent witness for the plaintiff.—Code, § 2290.

There is no error, and the judgment is affirmed.