JAMES M. CURRIER *vs.* REBECCA B. HOWARD.

A contract in writing to convey land may be assigned by verbal agreement.

Under *St.* 1853, *c.* 371, the assignee by verbal agreement of a written contract might en-
    force specific performance in an action at law, brought in his own name, praying relief
    in equity.

The promisee named in a written contract, who has transferred it by an unconditional ver-
    bal assignment, need not be made a party to a suit by his assignee for specific perform-
    ance of the contract.

    ACTION OF CONTRACT, praying for relief in equity, to enforce
the specific performance of a contract.   Writ dated December
14th 1854.   Trial in Essex at April term 1859, before *Bigelow*, J.,

who reported the following case for the consideration of the full court.

John H. Currier and Eli B. Howard, being seised in fee of two adjoining lots of land in Lawrence, agreed to own them in common ; and said Howard and the defendant his wife signed this agreement in writing, which was produced by the plaintiff at the trial : " This certifies that J. H. Currier and Eli B. Howard have agreed to put the fronts of their lots in common, extending 100 feet from the street, and we consent to the sale of 2000 feet of Currier's land to J. R. Gates, and acknowledge the receipt of one half the proceeds of said land, and we agree to give Currier a division deed whenever he desires the same. October 8th 1849." The strip of Currier's land therein mentioned was sold and conveyed to Gates, and the purchase money divided between Currier and Howard.

Eli B. Howard on the 28th of November 1849 conveyed his land to Charles F. Abbott, who on the 10th of December 1851 conveyed it to the defendant. John H. Currier, on the 11th of March 1850, conveyed his undivided half of the land to the plaintiff, and it was verbally agreed between them that the plaintiff should have all the right and interest of his grantor under the agreement of October 8th 1849, and should have the right to demand and receive the division deed under said agreement. Eli B. Howard, Abbott and the defendant all had notice of this verbal agreement, and of another agreement made at the same time between Eli B. Howard and the plaintiff for the erection of a large house upon the Howard lot, which was afterwards erected accordingly, and for which the plaintiff furnished a great part of the work and materials.

*D. Saunders, Jr.* for the plaintiff, cited *Ayer* v. *Bartlett*, 6 Pick. 71 ; 2 Story on Eq. §§ 1044, 1047, 1057 ; *Graves* v. *Graves*, 6 Gray, 391 ; *Sts.* 1855, *c.* 194 ; 1857, *c.* 214.

*T. Wright*, for the defendant. This court has no power to decree the specific performance of a contract, under the provisions of Rev. Sts. *c.* 81, § 8, unless every part of it has been reduced to writing. *Brooks* v. *Wheelock*, 11 Pick. 439. *Leach* v. *Leach*, 18 Pick. 73. *Dwight* v. *Pomeroy*, 17 Mass. 325.

The written contract having been made with John Currier, the plaintiff cannot maintain an action at law thereon in his own name. 1 Chit. Pl. (6th Amer. ed.) 9.

The verbal agreement between the plaintiff and Eli B. Howard for the division of the land was void, as being within the statute of frauds, or if not void, the plaintiff acquired an estate at will only in a portion of the premises. Rev. Sts. *c.* 74, § 1 *c.* 59, § 29.

This case was decided in June 1860.

Bigelow, J. This suit having been commenced while the *St.* of 1853, *c.* 371, § 1, was in force, and before the enactment of *St.* 1855, *c.* 194, was properly brought in the form of an action at law, praying for relief in equity, and may well be maintained to enforce the specific performance of a contract. *Darling* v. *Roarty*, 5 Gray, 71.

The defendant was bound by a written contract to make conveyance of the premises by a " division deed." Such a contract might be assigned for a sufficient consideration. *Ensign* v *Kellogg*, 4 Pick. 1. And no assignment in writing is necessary to its validity. An obligation of record or under seal may be assigned by a writing unsealed or by a mere verbal agreement. *Dunn* v. *Snell*, 15 Mass. 485. *Dawson* v. *Coles*, 16 Johns. 51. *Ford* v. *Stuart*, 19 Johns. 342.

In the present case there was ample proof of the assignment, not only by evidence of a verbal agreement, but also by delivery to the plaintiff of the written contract, and by the deed from John H. Currier to the plaintiff of one undivided half of what remained of the two lots of land which were to be divided.

The assignee of the written contract is entitled to maintain this action for its specific performance. *Ensign* v. *Kellogg*, *ubi supra*. Batten on Spec. Perf. 358. The assignment being absolute and unconditional, and there being no remaining right or liability in the assignor which can be affected by the decree, it was not necessary to make him a party to the suit. *Montague* v. *Lobdell*, 11 Cush. 115.

The defendant, being now the sole owner in fee of the interest of Eli B. Howard, and being capable of transferring the legal

title, is bound to perform the contract to which she was a party, by making a deed dividing the estate according to its terms, and is also liable for the damages caused to the plaintiff by her unlawful refusal to perform the contract. *Decree accordingly.*