Carter v. Owens.

## CARTER *vs.* OWENS.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

41 217
94 480
41 217
98 254
41 217
103 486

1. *Division of decedent's estate by consent.*—The heirs-at-law and distributees of an intestate's estate may divide all the property among themselves by agreement, without any administration on the estate, if there are no debts, or if the debts have been paid; and in like manner, where there is a will, the parties interested, being adults, may divide the property among themselves by agreement, without probating the will; and the effect of such agreement and division, in each case, is to invest each distributee with a complete equitable title to the property allotted to him.

2. *Who is proper party plaintiff.*—A distributee of a decedent's estate, to whom a promissory note, assets of the estate, has been allotted as a part of his share, on a division of the estate by agreement among the parties interested, may maintain an action at law on it (Code, § 2129) in his own name.

3. *Wife's statutory separate estate; when wife may sue alone.*—A promissory note, assets of an intestate's estate, being allotted to one of the distrib-

utees who is a married woman, on a division of the estate by agreement among the parties interested, becomes a part of her statutory separate estate; and she may sue in her own name on it, (Code, § 2131,) without joining her husband.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by Mrs. Mary Carter, (who was described in the summons, and in the original complaint, as the wife of Augustus Carter,) against Thaddeus C. Owens, and was commenced on the 25th September, 1865. The amended complaint was in the following words: "The plaintiff claims of the defendant fifteen hundred and eight dollars, due by promissory note made by him on the 5th day of April, 1860, and payable to Rufus K. George, or bearer, on or before the first day of January next thereafter, with interest thereon. And plaintiff avers, that said Rufus K. George, the payee and owner of said note, died in the year 1862, in Monroe county, Alabama, leaving a last will and testament, which is in the words and figures following," setting it out. "And plaintiff avers, that said Rufus K. George left at his death no will, or instrument purporting to be such, other than the above, which has never been probated; that no administrator of his estate has ever been appointed; that all the debts due by said deceased at his death, and all the funeral and other expenses incurred in and about the management of his (said decedent's) estate, were paid up and fully discharged by the legatees mentioned in said will; after which, said legatees, three of whom, to-wit, said John H. George, Desdemona George, and plaintiff, were at the time of his death, and have been ever since, the sole distributees and heirs-at-law of said decedent, met, and distributed among themselves all the property of said decedent, according to the terms of said will; they all being present, and of full age, as were also plaintiff's husband and said Mary George, and all consenting and agreeing thereto; that the note sued on, which was the property of said deceased at his death, was handed and delivered on said distribution to her, said plaintiff, as

part of her distributive share of the estate of said decedent; and that she has ever since held, owned, and claimed the same, as her separate estate, under and by virtue of the statutes of Alabama, in such cases made and provided."

The will of said Rufus K. George, as set out in the complaint, was dated the 30th September, 1862, and attested by three subscribing witnesses. By its terms, the testator made substantially an equal division of his property, real and personal, among his widow, Mrs. Desdemona George, and his two children, John H. George and Mrs. Mary Carter; devising and bequeathing to each a tract or portion of land, certain slaves specified by name, "one third of all the notes" owing to him at the time of his death, &c.; and he also gave a slave to Mrs. Mary George, the wife of said John H. George. These were all the provisions contained in the will, except a direction for the payment of the testator's debts, and the appointment of his widow as his executrix.

The defendant demurred to the amended complaint, and assigned the following causes of demurrer: "1st, that the will of said Rufus George is subject to be called for by the probate court, and submitted to probate, and, until probated and the assent of representatives [given], no title to the note sued on passes to the plaintiff; 2d, that the facts set forth in said complaint show that plaintiff has no cause of action, and can not sue in her own name; 3d, that the estate of plaintiff not being an estate made separate by law, under the Code, even if she could sue at all, her husband must be joined; and, 4th, that the will, even if it confers title in the note on the plaintiff, without probate, and the appointment of a representative, does not make the bequest a separate estate, which authorizes the plaintiff to sue without joining her husband." "Thereupon," as the bill of exceptions states, "the court decided—1st, that the plaintiff had no such title to, or interest in the note, as would enable her to maintain this suit; and, 2d, that, if she had such right, the suit is improperly brought, and her husband ought to have been joined as a plaintiff with her." The court having therefore sustained the demurrer, the plaintiff

reserved an exception to its ruling, and took a nonsuit; and she now assigns the ruling and judgment on the demurrer as error, and moves to set aside the nonsuit.

H. A. HERBERT, and R. M. WILLIAMSON, for appellant.
BENJ. F. PORTER, contra.

A. J. WALKER, C. J.—The complaint, to which a demurrer was sustained, shows that all the persons interested in a decedent's estate, as widow, heirs, distributees, legatees, or devisees, including the person appointed executrix by the will, and the husbands of *femes covert*, (all being adults,) by agreement divided among themselves all the property of the estate according to the direction of the will, paid off all debts against the estate, and delivered the note described to the plaintiff, as a part of her share; and all this was done without probate of the will, or administration of the estate.   The effect of such a division was to invest the plaintiff with an equitable title to the note.   In the absence of the will, the decisions of this court, heretofore made, would meet every argument in favor of an opposite conclusion.—*Anderson v. Anderson*, 37 Ala. 683; *Marshall v. Crow*, 29 Ala. 278; *Vanderveer v. Alston*, 16 Ala. 494; *Miller v. Eatman*, 11 Ala. 609; 5 Ala. 308.   Does the presence of an unprobated will, as a feature of this case, take it out of the principle of those decisions?   We can perceive no sufficient reason why it should.   All the parties interested, or to be affected, may as well by agreement divide property, where there is a will, without employing the agency of courts, as in case of intestacy.   Parties, competent to act, ought to do that, without the agency of courts, which the courts would ultimately accomplish.   To deny them the privilege of so doing, would manifest a judicial abhorrence of harmony.   By the probate of the will, the claims of heirs and distributees, and of the widow, would have been subordinated to the directions of the will.   This has been accomplished by agreement.   There being no debts, the executrix would have had no other duty to perform, than to divide the property according to the will.   This, too, has been done by agreement of competent parties.   All the

ends and objects of judicial proceedings have been accomplished, by agreement of the parties; and that agreement must be effective.

It is admitted, that a will without probate is not evidence of title to personalty.—*Kinnebrew v. Kinnebrew*, 35 Ala. 628. But the plaintiff's title is not dependent upon the will. As long as the agreement remains unimpeached and undisturbed by the parties, her title is good, even though the will is void. Her title is the result of contract, and is good while the contract stands.

2. Section 2129 of the Code gives a right of action at law, upon a contract for the payment of money, "to the party *really interested, whether he have the legal title or not.*" Under this section, the plaintiff may sue, although holding only an equitable title.—*Hudson v. Weir*, 29 Ala. 294.

3. The note coming to the plaintiff was her *separate* property.—Code, § 1982. It is made separate by law. The contract, or agreement, under which she received it, did not make it a separate estate. Her interest is, therefore, a statutory separate estate, and is, under section 2131 of the Code, the subject of suit in the name of the wife alone. *Pickens and Wife v. Oliver*, 29 Ala. 528. The instrument sued upon is a chose in action; and, therefore, a suit upon it does not fall in that class of cases, in which the husband may sue in his own name, he having had possession during the coverture, and the property being afterwards detained from him or converted.—*Pickens and Wife v. Oliver, supra.*

The nonsuit taken in the court below is set aside, the judgment reversed, and the cause remanded.