# Wood *v.* Cosby.

*Action on Promissory Note.*

76 557
98 254
76 557
131 583

1. *Executor's authority before probate.*—At common law, an executor derived his authority exclusively from the will, the probate of which was necessary only to establish its genuineness; but, in this State, letters testamentary must always be granted, before an executor is invested with any legal authority over the assets of the estate.
2. *Action to recover assets of decedent's estate.*—The legal title to the

assets of a decedent's estate vests in the personal representative, when appointed, and, as a general rule, he alone can maintain an action at law to recover them.

3. *When sole legatee may sue, as "person really interested."*—A sole legatee, who is also nominated as executor, but has not qualified as such, can not maintain an action at law in his own name individually, as the person really interested (Code, § 2890), on a promissory note payable to his testator, when there is no proof of the non-existence or payment of debts, or of facts authorizing the presumption of such non-existence or payment.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Jane F. Cosby, the surviving widow of A. Y. Cosby, deceased, against Willis C. Wood and another; was commenced on the 21st February, 1884, and was founded on the defendants' promissory note for $668.26, which was dated October 21st, 1882, and payable on the 1st October, 1883, "to the order of A. Y. Cosby, or bearer." The defendant interposed a special plea, verified by affidavit, alleging that the note sued on "is not the property of the plaintiff, but is a part of the assets of the estate of A. Y. Cosby, deceased;" and issue was joined on this, with other pleas. On the trial, as the bill of exceptions shows, the plaintiff read in evidence the note sued on, and then offered in evidence the last will and testament of said A. Y. Cosby, which was admitted to probate on the 6th October, 1883, and in which the plaintiff was made sole legatee, was nominated as executrix, and relieved from giving bond. This being all the evidence, the court charged the jury, on request, "that they must find for the plaintiff, if they believed the evidence." The defendants excepted to this charge, and they here assign it as error.

M. N. CARLISLE, for appellant, cited *Gardner v. Gantt,* 19 Ala. 666; *Cleveland v. Chandler,* 3 Stew. 489; *Snodgrass v. Cabiness,* 15 Ala. 166; *Costephens v. Dean,* 66 Ala. 385; *Gibson v. Land,* 27 Ala. 128.

SOMERVILLE, J.—While the recognized rule of the common law was, that an executor derived his authority exclusively from the will—the probate of the instrument being requisite solely to establish its genuineness—the settled rule in this State is, that letters testamentary must always be granted, before an executor is legally invested with any authority over the assets of the testator's estate.—*Gardner v. Gantt,* 19 Ala. 666; *Cleveland v. Chandler,* 3 Stew. 489.

The principle is equally familiar, that the executor, or other personal representative, is the person in whom vests the legal title of the personal assets; that his title and right of possession

[Wood v. Cosby.]

to them is exclusive, and, as a general rule, he is the only party entitled to sue for them in a court of law.— *Beatty v. Abercrombie,* 18 Ala. 9; 1 Brick. Dig., p. 932, § 264. The interest which the distributees or legatees of an estate have in such assets, is only equitable. They have no legal title in them. *Huddleston v. Huey,* 73 Ala. 215; *Kelly v. Kelly,* 9 Ala. 908.

The plaintiff, not having qualified as executrix by taking out letters testamentary, could not recover, in the capacity of personal representative, on a note payable to her testator. Her right to recover, if it exists at all, must be strictly personal. It is contended, however, that the plaintiff, being the sole legatee under the will, is the beneficial owner of the note sued on, and can therefore recover under section 2890 of the Code, which provides, that " actions upon promissory notes, bonds or other contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested, whether he has the legal title or not." It has been held by this court, that, in a case where there are no debts due by the estate, or the debts are shown to have been paid, and a promissory note has been allotted to a distributee, by an agreement among the heirs at law, without any administration, an equitable title to such note vests in such distributee, so that he could maintain an action on it as " the party really interested " within the meaning of the foregoing section of the Code.— *Carter v. Owens,* 41 Ala. 217. The present case does not come within the principle settled by that decision. It is not made to appear that the testator owed no debts, or that the debts of the estate have been paid. No grant having been made of letters testamentary, there was nothing to set in operation the statute of non-claim, so as to bar any claims against the estate held by creditors.—Code, 1876, § 2597. In the absence of satisfactory proof, or a sufficient lapse of time, we can not presume that there are no subsisting claims against the estate. It is our opinion, that, under this state of facts, the plaintiff was not entitled to recover. If a recovery should be suffered in this case, and upon the subsequent appointment of an administrator, with the will annexed, he should institute another suit for the same cause of action, a former recovery would clearly be no sufficient defense to the action. Otherwise, the right being accorded legatees or distributees to sue in cases of this nature, it could be readily perverted so as to defraud the creditors of an estate of their just claims and demands.

The charge of the court, being in conflict with this view, was erroneous.

Reversed and remanded.