# Cooper *v.* Davison.

### Bill in Equity for Foreclosure of Mortgage.

1. *Parties to bill; when administration is unnecessary.*—The heirs at law of the deceased mortgagee may maintain a bill in equity for foreclosure, without administration on his estate, on averment and proof that there are no outstanding debts against the estate, and that all the property has been distributed, except the mortgage debt and a few uncollected notes.

2. *Objection to evidence; when made.*—When no objection is raised in the court below to an interrogatory propounded to a witness, nor to his answer thereto, the objection can not be raised in this court, for the first time, that the answer is not legal evidence.

3. *Fraudulent conveyance; retention of possession of vendor.*—The retention of possession by the vendor of lands is *prima facie* evidence of fraud, in a contest with his creditors, but subject to explanation by evidence showing good faith and the payment of a valuable consideration; and where the vendor retains possession for five years, and then executes a mortgage on the lands, in which his wife joins, his former ab-

solute conveyance on a recited valuable consideration, and the grantee's reconveyance to his wife after the execution of the mortgage, will be held fraudulent and void as against the mortgagee, in the absence of rebutting and explanatory evidence as to the consideration of the conveyance.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the record does not show, by John T. Davison and others, as children and heirs at law of James Davison, deceased, against M. C. Cooper and his wife, Mrs. Texas J. Cooper; and sought the foreclosure of a mortgage on a tract of land, which was executed by defendants to said James Davison, dated March 29, 1881; and it also prayed that a deed for the land executed to Mrs. Cooper by Mrs. L. N. Pickett and her husband, J. F. Pickett, dated October 29, 1886, be declared fraudulent and void, on the ground that the land was conveyed to Mrs. Pickett by said M. C. Pickett, by deed dated February, 1876, without consideration, and for the purpose of hindering and delaying his creditors, and that the re-conveyance to Mrs. Cooper was without consideration. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, and his decree is now assigned as error.

RICE & WILEY, for appellants.

GARDNER & WILEY, contra.

CLOPTON, J.—The bill is filed by appellees, as heirs at law of James Davison, for the foreclosure of a mortgage, executed by appellants to him, March 29, 1881, to secure a note for eight hundred dollars. The bill alleges the death of the mortgagee; that the complainants are his heirs, and only heirs at law; that the estate owes no debts, and there has been no administration; and that the property of the estate, except a few uncollected notes, and the mortgage debt, has been distributed among those entitled. While the general rule is, that distributees can not, in the absence of an administration and special circumstances, maintain suits at law, or in equity, for the collection of personal assets for distribution, courts of equity will, in exceptional cases, dispense with an administration, and collect and distribute the assets. The averments of the bill and proof show, that the

only duty which would attach to an administration would be the collection of the uncollected notes, and distribution; that an administration would be, not only a useless ceremony, but a diminishing process. On the allegations and proof, the heirs may properly file the bill. They have the legal title to the mortgaged land, and a perfect equity to the proceeds of the foreclosure.—*Carter v. Beck*, 41 Ala. 217; *Fretwell v. McLemore*, 52 Ala. 124; *Sullivan v. Lawler*, 72 Ala. 68, 72, 74.

2. It is objected that there is no legal or admissible evidence, that complainants are the heirs of the deceased mortgagee. A direct interrogatory was propounded to the witness, J. T. Davison, whether the complainants are the only heirs at law of the decedent, whose death was proved. No objection was made to the interrogatory, and no motion to exclude or suppress the answer. The objection can not be made in this court for the first time.

3. The bill alleges that, in February, 1876, the defendants executed a deed to the lands to Mrs. L. N. Pickett, on a recited consideration of three hundred and ninety-two dollars; and that after the execution of the mortgage, Mrs. Pickett and her husband re-conveyed the land to the defendant, Texas J. Cooper, wife of the mortgagor, without consideration. It avers that the deed to Mrs. Pickett was made with the intent to hinder, delay or defraud the creditors of the mortgagor, and that the re-conveyance was made because of an agreement, at the time the land was conveyed to Mrs. Pickett, that she would hold the title to prevent it being made subject to his debts, and re-convey the same. The bill avers, and the proof establishes, that the mortgagors were in possession of, and resided on the land, from 1869 to the time the deed was made to Mrs. Pickett, and, after its execution, retained possession thereof until 1887, renting out portions, collecting the rents, claiming the ownership, and offering to sell parts; and that during this period Mrs. Pickett resided about two hundred and fifty yards distant from the land. The retention of possession is, by the settled rule in this State, *prima facie* evidence of fraud, which may be rebutted or explained by proof. *Crawford v. Kirksey*, 55 Ala. 282. The defendants offered no proof whatever to show that the conveyance to Mrs. Pickett was *bona fide*, or made on a valuable consideration, or to rebut or explain the *prima facie* case of fraud made by the proof on the part of the complainants, and offered no

24

[Ashurst v. Lehman, Durr & Co.]

evidence to sustain the averments of the answer, as to the circumstances and the purposes for which the conveyance was made to her. Under these circumstances, the deed to Mrs. Pickett must be declared fraudulent.

Affirmed.