# Davenport *v.* Brooks.

*Statutory Detinue for Mare.*

1. *Who may sue; distributee of wife's estate.*—On the death of the wife intestate, her children can not maintain an action at law to recover personal property belonging to her estate, because the legal title to one half is vested in the surviving husband (Code, § 2353), and because their rights as distributees can only be asserted through administration, although there may be no outstanding debts.

2. *Exemptions to decedent's minor child or children.*—The statutory provisions securing exemptions of personalty to "the minor child or children of a decedent" (Code, §§ 2545--47), apply only to the estate of the deceased husband, and can not be extended to the estate of the deceased wife, when the husband survives.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was a statutory action of detinue brought by the appellee, Geo. W. Brooks, as next friend for the minor children of B. H. Kline and Mrs. M. Kline, deceased, and sought to recover the possession of one white mare. The case was submitted upon an agreed statement of facts. The substance of this statement of facts, so far as may be necessary for the proper understanding of the decision of this case, is as follows: B. H. Kline and his wife, Mrs. M. Kline, for several years before her death, which occurred in October, 1887, lived in Jefferson County, Alabama. Mrs. M. Kline, upon her death, left an estate in her own right, not exceeding $300, which was her statutory estate. The white mare sued for in this case was a part of the estate of the said Mrs. Kline, and the said mare had belonged to her for several years, and had always been claimed as her own, and was in the possession of herself and husband at the time of her death. Mrs. Kline left no debts, and no administration has ever been had on her estate. Subsequent to the death of Mrs. Kline, her husband, B. H. Kline, mortgaged the mare to one Howell to secure the payment of the indebtedness due by him to said Howell. It was admitted that on several occasions during the life-time of Mrs. Kline her husband had given different mortgages on the said mare. When

[Davenport v. Brooks.]

the mortgage was made to said Howell, the surviving husband was then in the possession of the animal, and he claimed her as his own property, free from any claim or incumbrance; and that in the settlement of the debt secured by said mortgage, the said Howell allowed a fixed sum as the value of said mare, which was agreed upon between him and said Kline, and Howell took possession of the mare, and afterwards sold her to the defendant. Upon the introduction of all the evidence, the court, at the request of the plaintiff, charged the jury in writing, that "if the jury believed the evidence of this cause, they will find a verdict for the plaintiff." The giving of this charge constitutes the only exception reserved to the rulings of the court, and therefore the only assignment of error.

BUSH & BROWN, for appellant.

W. R. HOUGHTON, contra.

WALKER, J.—Mrs. Mary Kline owned the mare sued for as part of her statutory separate estate. She died in October, 1887. Her husband, B. H. Kline, who still survives her, as do their minor children, who by next friend bring this suit to recover said mare. The suit can not be maintained in their behalf as distributees, because, the father being entitled to one-half of decedent's personalty, they alone as distributees are only part owners of the property; and for the further reason that their claim merely as distributees should be asserted through administration.—Code of 1886, § 2353; *Miller v. Eatman*, 11 Ala. 609; *Reese v. Harris*, 27 Ala. 301. The claim is that they are entitled to the property under the statute allowing certain exemptions of personal property to the widow or minor child or children of a decedent.

By the act approved April 23, 1873, the legislature undertook to provide a scheme to carry into effect the provisions as to the exemptions contained in the constitution of 1868, and also to make additional provision for the right to claim exemptions in other classes of cases. A notable extension of the right of exemption was made by section 12 of that act to reach the case of "any person dying, leaving a widow, or child or children under the age of twenty-one years, members of his family." For the protection of the class of persons here mentioned it was provided that, "in addition to the exemptions heretofore made under this act, there shall be exempt all the wearing apparel of the deceased, the wearing apparel of the widow and children, all yarn and cloth on hand and intended for their use and consumption, the family bible, all

[Davenport v. Brooks.]

books in use in the family, all family portraits and miniatures, and such grain, stores and groceries on hand as may be necessary for the subsistence of the family for twelve months," all to be set apart and turned over to the family forever free from administration or the debts of the deceased.—Acts 1872–3, p. 64. It is plain that the legislature, in making this provision, had in view the helpless condition of the mother and young children resulting from the death of the husband and father, the head and support of the family. In such case the mother and children are presumed to be unable to provide for themselves. The language of the statute, and the fact that the measure of relief thereby provided is not ordinarily called for by the death of the mother, are conclusive that the legislature did not intend to allow such exemption in favor of the minor children out of the estate of the deceased mother. The statutory provisions in reference to exemptions were recast and considerably extended by the act approved February 9, 1877.—Acts 1876–7. By this act there was a further extension of the right of exemption in favor of the widow, or minor child or children of a decedent. In addition to and in immediate connection with the provision above quoted from the act of 1873, the substance of which was preserved and re-enacted, the new statute provided for the selection and setting apart for the widow, or minor child or children of "such additional property of the decedent as will amount to the value of one thousand dollars;" and the personal property exempted to the family of the decedent under that act was directed to be delivered to the widow, if there be one, to be by her employed in the maintenance of herself and minor children, or if there be no widow, then to the guardian of the minor children, to be by him employed in the maintenance of such minor children.—(See §§ 6, 7 and 8 of said act.) These provisions were embodied in the Code of 1876, forming sections 2824, 2825 and 2826 thereof. The substance of them is found re-enacted in sections 2545, 2546 and 2547 of the Code of 1886. From the language used and from the historical connection of the enactments we are satisfied that it was not intended to provide for such exemptions out of the estate of a deceased mother. It may be, that the legislature, regarding the father as the natural bread-winner of the family, did not deem it necessary to make such provisions in favor of minor children out of the estate of their mother; or, recognizing that the law imposes upon the father the duty and obligation to support and educate his minor child irrespective of any estate of the child, while the mother's duty and obligation in this regard are only imposed in the event of the insufficiency of the

[Cobb v. Malone & Collins.]

estate of the child (*Englehardt v. Yung*, 76 Ala. 534), it was not deemed just to the father, by such provision in favor of the minor child or children, to intercept his right to a distributive share of the personal estate of his wife; or, that it was thought that a proper consideration for the comfort and well-being of minor children did not require that they be afforded an opportunity to secure double exemptions of personal property, as they might do if the law allowed such exemptions out of the estate of both father and mother and both parents died leaving estates. Whatever may have been the considerations operating upon the legislature, it seems clear that the provisions here under discussion were intended only for the benefit of the widow, or minor child or children, who, by the death of the husband and father, are deprived of the maintenance and support which it was his special function and duty to afford. Liberal rules of construction should be applied to statutes allowing exemptions to the widow and minor children of a decedent; but the operation of such statutes can not be extended to cases plainly not within their language or purpose.

The result is, that, on the facts as set out in the agreed statement, the plaintiffs were not entitled to recover, and the Circuit Court erred in giving the written charge requested in their behalf.

Reversed and remanded.