# Wright *v.* Robinson.

*Bill in Equity for Foreclosure of Mortgage.*

1. *When heirs or distributees may sue without administration.*—When the debts of an intestate have all been paid, and nothing remains to be done but to reduce the assets to possession and distribute them among the next of kin, administration may be dispensed with, and the heirs and distributees may sue in their own names.

2. *Mortgage to guardian, for ward's money loaned and afterwards accounted for.*—If a guardian lends out his ward's money, taking a note and mortgage as security, and afterwards accounts to his ward for the money on final settlement, the note and mortgage become his individual property, and he may enforce them in his own name.

APPEAL from the City Court of Montgomery, in equity. Heard before the Hon. THOS. M. ARRINGTON.

MOORE & FINLEY, for appellant.

WATTS & SON, *contra.*

STONE, C. J.—N. D. Wright died intestate in October, 1883, leaving a widow and four children surviving him, all of

whom are still living. He had been guardian of one Caroline Wright, and had lent eight hundred dollars to J. C. Wright, taking as security for its repayment a mortgage on real estate. The note evidencing the debt, and the mortgage to secure its repayment, express in each that they are made to "N. D. Wright, guardian of Caroline Wright." This note and the mortgage were found among N. D. Wright's papers after his death. N. D. Wright in his lifetime, and shortly before his death, had made a final settlement of his guardianship of Caroline Wright, and had accounted for the eight hundred dollars previously loaned to J. D. Wright. He paid her in full. There was never any administration on the estate of N. D. Wright, but Robinson and Eubanks, husbands of two of the daughters, under authority from the widow and adult children, proceeded to collect up the assets and pay the debts of the estate.

The present bill was filed in May, 1890, near seven years after the death of N. D. Wright. The widow and the four children are made complainants, and the object of the bill is to foreclose said mortgage for a balance alleged to be due. The b in its averments sets forth the facts stated above. It also avers that all the complainants were adults, save one—the youngest daughter—and that she had been relieved of the disabilities of minority. It avers further that all the debts of N. D. Wright, the intestate, had been paid. There was a demurrer to the bill, the main ground being that the suit was brought in the names of others than the personal representative of N. D. Wright's estate.

Questions almost identical with the one raised by the demurrer, have been very often before this court. We have uniformly held, that where nothing remains to be done except the reduction of the assets to possession, and their distribution among the next of kin, administration may be dispensed with.—*Bethea v. McCall*, 5 Ala. 308; *Miller v. Eatman*, 11 Ala. 614; *Vanzant v. Morris*, 25 Ala. 285; *Marshall v. Crow*, 29 Ala. 298; *Carter v. Owens*, 41 Ala. 219; *Fretwell v. McLemore*, 52 Ala. 124; *Sullivan v. Lawler*, 72 Ala. 68, 72; *Cooper v. Davidson*, 86 Ala. 367. The demurrer was rightly overruled.

The averred facts show that, when N. D. Wright paid his ward in full, the note and mortgage became his property. *Tompkies v. Reynolds*, 17 Ala. 109.

Producing the note and mortgage from the proper custody, proof that N. D. Wright settled with his ward and paid her off, and the testimony of Robinson, make a very strong showing in favor of complainants. Rejecting, as illegal, all testi-

[Norton v. Norton.]

mony given by J. D. Wright, of transactions alleged to have been had with the deceased, and the defense is left without material evidence in its support. There is no testimony to overturn the presumptions raised by the papers. Complainants have fully made out their case.

Affirmed.