# Wooten *v.* Steele.

*Action by Heirs to Recover Amount Agreed to be Paid to Their · Deceased Intestate.*

1. *When action maintained by heirs; statute of limitations.*—An obligation by the purchaser of lands to pay the vendor one half the proceeds received upon a resale thereof by said purchaser, may be enforced by the heirs-at-law of the deceased vendor, after the final settlement of his estate; and, the statute of limitation of three years has no application where the obligation is in writing to pay a fixed amount.

APPEAL from Marengo Circuit Court.

Tried before the Hon. JAMES B. HEAD.

This action was originally brought by Fanny G. Steele, the widow of Robt. L. Steele, against Council B. Wooten, to recover the sum of three thousand dollars, "due from him for money received by defendant on the 14th of January, 1888, to the use of plaintiff." The defendant pleaded the general issue and the statute of limitation of three years, but afterwards withdrew the latter plea.

Subsequently the death of the plaintiff was suggested, and the action revived in the name of her personal representative, James A. Steele, as administrator, and further amended by adding as co-plaintiffs the names of Lem J. Steele and James P. Steele, brothers of the administrator, and all heirs-at-law of said Robt. L. Steele. There was no controversy as to the facts as set out in the opinion. The court gave the affirmative charge for the plaintiffs. The defendant assigns as error this action of the court, and claims and assigns as error that the plaintiffs had no right to maintain this action as heirs of Robt. L. Steele; that the debt was due to Robt. L. Steele, as trustee, and not individually, and suit should have been brought by his successor in office. The instrument offered in evidence, upon which plaintiffs based their claim, recited that: "I, Council B. Wooten, having purchased from Robert L. Steele, trustee, the tract of land known as the "Odom place," hereby agree to pay to said Steele one half of the amount the above mentioned lands may sell for." There was no other evidence relating to said instrument or obligation.

[Wooten v. Steele.]

JNO. C. ANDERSON, for appellant, cited 76 Ala. 557; Code of Ala., § 1848; 38 Ala. 320.

GEO. W. TAYLOR, for appellee. 1. The proper action is for money had and received.—2 Chit. Pl. 30–1; 30 Ala. 476; 58 Ala. 474; 2 Brick. Dig. p. 51-2, §§ 10, 11, 13, 15, 17 and 18.

2. While the general rule is that the personal representative can alone sue to recover personal assets of an estate, an exception is where there are no debts owing by the estate.—41 Ala. 217; 76 Ala. 557.

3. The right of plaintiff to maintain this action could only be questioned by sworn plea, and can not be here controverted for the first time by an assignment of error.—93 Ala. 482.

COLEMAN, J.—This action is in assumpsit, upon the common count, for money had and received. The defendant pleaded the general issue and statute of limitations of three years. At the close of the evidence, the court, upon their request, gave the general charge for the plaintiffs.

There is no conflict in the evidence. In January, 1877, Thos. S. Fry conveyed to Robt. L. Steele certain tracts of land, in trust with general power of sale, the proceeds to be applied by him to the payment of debts due and owing to certain named creditors. Included in the debts to be paid, was one due the grantee and trustee, Robt. L. Steele, for $3,489 and 74-100 dollars, and one due the defendant, Wooten, for $2,500.00. One of the tracts of land designated as the "Odom place" was sold by Robt. Steele to the defendant C. B. Wooten, in consideration of which Wooten executed to him his written obligation "to pay said Steele one half of the amount the above mentioned lands may sell for. It is agreed that I am not to be responsible to the said Steele for any amount except it accrues from the sale or other disposition that may be made of the Odom lands, said land contains about 2520 acres and is situated in Wilcox county, Ala., this the 23rd day of May, 1882.

(Signed)  C. B. Wooten."

Robt. L. Steele died in the year, 1883, His estate was duly administered upon, and the administration finally settled in the year 1886. It was then proven that Wooten sold the Odom place in January, 1888, for $3,000.00. It was further proven that there were no debts against the estate of Robt. L. Steele. This suit was instituted by the heirs of Robt. L. Steele, after demand in February, 1891, to recover the one half of the purchase-money for which Wooten

[Woolf v. Taylor.]

had sold the land. The written obligation of Wooten was to pay to Steele "one half for which the above land may sell for." The lands were sold in 1888 for $3,000.00. The statute of limitation of three years has no application where the assumption is evidenced by an express obligation, to pay a fixed amount.

It is contended, that plaintiffs could not maintain the action in their own names, but that the suit should have been in the name of the successor of Robert L. Steele, as trustee.

As to the "Odom place," the trust was entirely executed by the sale of the land to Wooten. The obligation of the purchaser was to pay Steele. He could have maintained an action in his individual name against Wooten for the purchase-money. The rule is, that the legal title of a decedent to personal property vests in the administrator, and the administrator alone can sue. This rule prevails for the purposes of administration. When there is no necessity for an administration, or where there has been a complete administration and final settlement, the rule does not apply. In such cases the distributees may maintain an action on a promissory note, payable to decedent, or to recover for money had and received. The undisputed facts of this case bring it within the exception to the general rule.—*Cooper v. Davidson*, 86 Ala. 367 ; *Wood v. Cosby*, 76 Ala. 557 ; *Carter v. Owners*, 41 Ala. 217.

There is no error in the record.

Affirmed.