(91 South. 910)

**FRANKLIN et al. v. WILLIAMSON et al.**
(7 Div. 712.)

(Court of Appeals of Alabama.  Nov. 15, 1921.)

1. Descent and distribution ⊂⇒91(1)—Action for conversion not maintainable by distributees.

Persons claiming as distributees of the estate of a decedent, upon whose estate no administration had been had, could not maintain an action at law for conversion of the personal property and to recover possession of the property in specie with damages for its detention; their interest, if any, in the property being equitable only.

2. Witnesses ⊂⇒150(3) — Husband held not competent witness in action by children for conversion of deceased mother's property.

The husband of decedent could not testify as to transactions with decedent in an action by children as distributees of the estate of the decedent to recover damages for conversion of personal property, under Code 1907, § 4007.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by Mrs. Annie Franklin and others against Robert Williamson and others. Judgment for the defendants, and plaintiffs appeal. Affirmed.

D. Franklin testified that he was the husband of Ida Franklin during her lifetime, that she died December, 1918, leaving two children, Anna and Bertha, and was then asked to testify as to certain transactions with his deceased wife, to which the defendant interposed objections.

Ross Blackmon and J. B. Holman, Jr., both of Anniston, for appellants.

The half interest in the furniture descended to the two children. Section 3765, Code 1907; 124 Ala. 199, 26 South. 984; 145 Ala. 297, 40 South. 322, 8 Ann. Cas. 121; 156 Ala. 565, 46 South. 974; 103 Ala. 484, 15 South. 834; 98 Ala. 252, 13 South. 563. There were no debts and no need for administration. 41 Ala. 217, and authorities supra. The court erred in directing a verdict for the defendant. 151 Ala. 435, 44 South. 533; 104 Ala. 420, 16 South. 88; 6 Ala. 345; 2 Stew. 276, and authorities supra.

Knox, Acker, Dixon & Sterne, of Anniston, for appellees.

Plaintiffs could maintain a cause of action in this case. 117 Ala. 612, 23 South. 651; 92 Ala. 629, 9 South. 153; 145 Ala. 297, 40 South. 322, 8 Ann. Cas. 121.

BRICKEN, P. J. [1, 2] Appellants, plaintiffs in the court below, brought suit against appellee to recover damages for the conversion of certain personal property, described in the complaint; and also to recover possession of said property in specie, with damages for its detention. Plaintiffs claimed as distributees of the estate of Mrs. Ida Franklin, their deceased mother, upon whose estate no administration had been had. The court charged the jury affirmatively in behalf of defendants. This action of the court must be sustained upon two theories, either of which is conclusive of this appeal. First, for the reason that plaintiffs' interest, if any, in the property sued for, was equitable only, and not having the legal title thereto could not maintain this action at law. Davenport v. Brooks, 92 Ala. 627, 9 South. 153; Teal v. Chancellor, 117 Ala. 612, 23 South. 651; Costephens v. Dean, 69 Ala. 385. Second, there was no legal or competent evidence to sustain the allegations of the complaint, as the testimony of witness D. Franklin falls clearly within the inhibition of section 4007, Code 1907.

There being no error, the judgment of the court below is affirmed.

Affirmed.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes