146 So. 78

## BYRD v. ÆTNA LIFE INS. CO.

### 7 Div. 939.

Court of Appeals of Alabama.

Feb. 7, 1933.

---

[1] 226 Ala. 96.

320

Chas. F. Douglass, of Anniston, for appellant.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This appeal is from a nonsuit by appellant in the court below superinduced by an adverse ruling sustaining appellee's demurrers to her amended complaint, consisting of counts 4, 5, 6, and 7.

Section 9479 of the Code abolishes the general demurrer, requires a demurrer to specify the defect, and provides that no objection can be taken which is not distinctly stated in the demurrer. Demurrers numbered 1, 11, and 14 are general demurrers within the purview of this statute, under the decisions of the Supreme Court (Alabama State Land Company v. Slaton, 120 Ala. 259, 24 So. 720; Denson v. Caddell, 201 Ala. 194, 77 So. 720; Donegan v. Wood, 49 Ala. 242, 20 Am. Rep. 275; Courts et al. v. Happle et al., 49 Ala. 254; Brewer v. Watson, 65 Ala. 88; Cook v. Rome Brick Company, 98 Ala. 409, 12 So. 918), and need not, therefore, be further considered.

The demurrers raise the question of plaintiff's right, as the designated beneficiary in the certificate, to maintain the action set forth in counts 4 and 5. Appellant insists that the plaintiff, as such beneficiary, can maintain the action declared on in the fourth count, and further, that as such beneficiary of the options referred to in count 5, she, as such beneficiary, is entitled to exercise such options and to maintain the action there declared upon. These two counts are not predicated upon a life policy maturing at death and by death, but are based upon a total disability. By the terms of Exhibit A to the counts, following total disability, the appellee was obligated to pay "the disabled employee" but not the designated beneficiary, and such payment when made was "in lieu of all other benefits provided for on such life." The contract further provided: "The amount of insurance payable at the death of an employee shall be paid to the death beneficiary." It seems clear, therefore, that the beneficiary, as such, could not, merely because she is designated as death beneficiary, recover sums due, not because of death, but solely because of a prior total disability and payable not to beneficiary, but to the insured himself.

In counts 6 and 7, plaintiff predicates a recovery upon the averment that she is the widow of the deceased insured, who left no lineal descendants, whose debts have been paid, and upon whose estate there has been no administration, and that she is therefore entitled to recover sums payable to the insured for his total disability, and to exercise the options mentioned in the contract which the insured failed to exercise. As a basis for such right, the complaint copies the statutes of Georgia (where both the plaintiff and the insured then lived). The Georgia statutes are sufficiently pleaded under the decisions of the Supreme Court. Cubbedge v. Napier, 62 Ala. 518; Dawson v. Dawson, 224 Ala. 13, 138 So. 414. The question as to who is a proper party plaintiff in the courts of Alabama, the forum, is determined by the law of Alabama. 47 Corpus Juris 17, 18. The specific inquiry then is, May a sole heir of an estate, owing no debts, and without any administration thereon, sue in his or her name in Alabama, to recover money on a contract payable to the deceased?

Appellant insists that by virtue of section 7925 of the Code, such suit can be maintained; but that exemption statute was and is without application to plaintiff or the estate of the decedent, since she and he were both residents of Georgia; nor are we advised that Georgia has a similar statute, hence we cannot know that this suit involves any exempt property. Appellant further insists she is the beneficial owner within the meaning of section 5699 of the Code, and hence can sue upon an insurance policy as was held in Union Ins. Soc. v. Sudduth, 212 Ala. 649, 103 So. 845. This question has been before the courts of this state many times. In Fretwell v. McLemore, 52 Ala. 124, Chief Justice Brickell considered many previous

cases, and quoted the observation of Chilton, J., in Vanderveer v. Alston, 16 Ala. 494: "In case of a sole distributee, the claims of creditors aside, I see no principle of public policy requiring the party to push the property through the diminishing process of administration." Sullivan v. Lawler, 72 Ala. 68, was a bill in equity, and recognized the general rule that ordinarily the heirs or distributees, in the absence of an administrator and in the absence of special circumstances, cannot maintain suits for the collection of personal assets. Wood v. Cosby, 76 Ala. 557, held, in the absence of a personal representative, a sole legatee should not sue on a note due decedent, in the absence of proof as to due debts; thus impliedly holding that with such proof present the suit could be maintained, as was permitted in Carter v. Owens, 41 Ala. 217, following a division and allotment among the distributees. Cooper v. Davison, 86 Ala. 367, 5 So. 650, and Wright v. Robinson, 94 Ala. 479, 10 So. 319, recognized the rights of the heir to file a bill to foreclose a mortgage due the decedent when there were no debts and no administration. McGhee v. Alexander, 104 Ala. 116, 16 So. 148, upheld the right of the surviving husband and children of a Georgia resident to file a bill in equity in Alabama to enforce a vendor's lien, and to like effect in Mancill v. Thomas, 216 Ala. 623, 114 So. 223. Teal v. Chancellor, 117 Ala. 612, 23 So. 651, permitted one distributee to sue another in equity, without administration, when the estate owed no debts. Davenport v. Brooks, 92 Ala. 627, 9 So. 153, held the distributees could not maintain detinue for two reasons; the second being: "Their claim merely as distributees should be asserted through administration." In Wooten v. Steele, 98 Ala. 252, 13 So. 563, the Supreme Court said: "The rule is that the legal title of a decedent to personal property vests in the administrator, and the administrator alone can sue. This rule prevails for the purposes of administration. When there is no necessity for an administration, or where there has been a complete administration and final settlement, the rule does not apply." And in Mobile Temperance Hall Ass'n v. Holmes, 189 Ala. 271, 65 So. 1020, 1024, it is said: "We might add, however, that although the funds here in controversy be personalty, yet it is not in every such case that administration is necessary."

The sole beneficiary of a suit, prosecuted by an administrator, can settle the same out of court, and bind the administrator. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas.1913B, 225.

It thus appears that the obligation of the defendant to pay insured for a total and permanent disability, never having been discharged, may be enforced by his personal representative, and if there be no administration upon his estate, and the estate owes no debts, the obligation may be enforced by his widow under the facts alleged and under the statutes of the state of Georgia, who is thereby made "his sole heir," and, as such, entitled to "take possession of his estate without administration."

Neither of these counts aver nor show a compliance by the plaintiff or the insured with conditions precedent, as that notice was given as required by the policy, or evidence of disability furnished, or proof furnished during the continuance of the insurance. The necessity for so alleging was obviated by the averred refusal of the defendant to pay for a reason entirely apart from any failure to furnish such proof. Maryland Cas. Co. v. Terry, 24 Ala. App. 172, 133 So. 303, and authorities cited.

Appellee then insists it is not averred that the insured exercised any of the options provided in the policy as to the mode, amount, and time of payments, and, in effect, urges that since the insured failed to exercise such option, no one else can exercise the same, and hence its obligation to pay be never enforced. We think it clear that the owner of the obligation can exercise such options. See Couch on Insurance, vol. 3, §§ 643, 644; vol. 2, § 344.

Appellee also insists that to permit a recovery by this plaintiff upon proof of the absence of debts owing by the estate might subject the appellee to a double liability, in that some unknown creditor of the estate might hereafter qualify as administrator, and, not being bound by this action, might also sue the appellee. That such a possibility exists is undeniable; but it results from the law as heretofore declared by the courts of this state, and any remedy for such a situation must come from the lawmaking power of the state.

The last insistence of appellee to be noted herein is that neither count avers that the policy was in force and effect at the time of the insured's death. Sufficient to say that if in force and effect at the time the alleged total and permanent disability was suffered, the cause of action arose, and no demurrer takes the point that the complaint does not sufficiently aver the policy was then in force and effect.

Reversed and remanded.