# DeBardelaben *v.* Stoudenmire.

*Bill in Equity by Wife's Legatee and Devisee, against Surviving Husband as Trustee, for Account of Waste.*

1. *Presumption as to character of wife's estate.*—Property belonging to the wife at the time of her marriage, in 1871, is presumed to be held as a statutory estate, in the absence of proof to the contrary; and this presumption will be indulged against the surviving husband, when the legatee and devisee of the wife seeks to charge him with waste, although the bill avers that the estate was statutory, and the answer denies the averment.

2. *Verbal ante-nuptial agreement.*—A verbal ante-nuptial agreement, by which the husband renounces his marital rights in and to the wife's property, and agrees to let her retain the absolute control and management of it, is void under the statute of frauds (Code, § 2121, subd. 5), so far as it relates to her lands, and leaves their respective statutory rights and powers unaffected.

3. *Husband's liability for waste* —Although the husband, as trustee of the wife's statutory estate, has the right to manage and control the same, without liability to account for the rents, income and profits (Code, § 2706); yet he is bound to the discharge of all fiduciary duties, is liable to removal for an appropriation of the wife's income to his own personal use, and liable to account for waste committed on her lands.

4. *Same; wife's assent.*—The removal of houses by the husband, from the wife's lands to his own, being an act of waste, for which he is liable to account as trustee, the verbal assent of the wife to the removal, and her presence at the time, neither impart any validity to the act, nor operate as an equitable estoppel against her.

5. *Limitation of suit.*—The husband being the trustee of an express and continuing trust, which is the exclusive subject of equity jurisdiction, the statute of limitations of six years is no bar to a suit in equity for an account of waste: in the absence of an open repudiation of the trust, an adverse holding of the trust property, and a dissolution of the trusteeship, a bar could only be created by the lapse of twenty years.

6. *Husband's liability for interest; remittitur.*—A decree against the husband, for waste committed on his wife's lands, charging him with interest from its commission up to the death of the wife, "is probably erroneous;" but the error is cured by a *remittitur* entered on the decree by the complainant.

7. *When legatee and devisee may sue.*—After the death of the wife, there being no administrator of her estate, and no debts against it, her sole legatee and devisee may maintain a bill in equity against the surviving husband, for an account of waste committed during her life.

[DeBardelaben v. Stoudenmire.]

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed on the 2d June, 1882, by J. D. Stoudenmire, against Warren L. DeBardelaben, and sought an account of waste, alleged to have been committed by the defendant on lands belonging to his deceased wife, Mrs. Caroline W. DeBardelaben, who was the mother of the complainant by a former husband. At the time of the marriage between said Warren L. and Caroline W. DeBardelaben, which occurred some time during the year 1871, said Caroline W. was the widow of Samuel Stoudenmire, and had a half interest in the property belonging to his estate, under the provisions of his will, which was established and probated in August, 1870; and in December, 1871, soon after the marriage, the property was divided between her and her son, the complainant, a plantation being allotted to her, called the "Home place." The alleged waste was committed on this place, and consisted in the removal of the dwelling-house and other buildings thereon, to the adjoining lands of said Warren L. This occurred during the year 1872, and said Warren L. and his wife resided in the dwelling-house, using the other buildings, from that time until her death, which occurred some time during the year 1878. By her last will and testament, Mrs. DeBardelaben bequeathed and devised all her property, "real and personal, of every kind and description," to her son, the complainant; and her will was duly proved and admitted to probate in October, 1878, W. H. Northington being appointed and afterwards qualifying as executor. The bill alleged, that Mrs. DeBardelaben held her property "as a separate statutory estate under the laws of Alabama;" that Northington continued to act as executor until his death, which occurred in the year 1881; "that there is now no personal representative of said estate, and that there are now no debts outstanding against it."

The defendant filed a demurrer to the bill, assigning sixteen special grounds of demurrer, and among them the following: 1st, that the complainant shows no right of action in himself; 2d, that the right of action, if any, is in the personal representative of the deceased wife; 3d, that the suit is barred by the statute of limitations of six years; 4th, that the complainant, if entitled to any relief, has an adequate remedy at law; 14th, "that the facts and circumstances are not set forth which show that said Caroline W. had a statutory estate in said property, since the will of said Samuel Stoudenmire is not set forth, so that the court may see whether the said Caroline had an equitable or a

statutory estate under its provisions." The chancellor sustained the 14th ground of demurrer, but overruled all of the others; and the record does not show that the bill was ever amended, so as to obviate this ruling. The defendant afterwards filed an answer, denying most of the material allegations of the bill; denied that the property belonging to the estate of Samuel Stoudenmire was divided between complainant and his mother under authority of the Probate Court; denied that he and his wife ever went into the possession of the property allotted to her on the division; denied that he ever acted as trustee for his wife, or assumed or exercised any control whatever over her property; and alleged that, "previous to his marriage with the said Caroline W., it was understood and agreed between them that, as respondent owned real and personal property amply sufficient for the support of himself and family, he should not exercise any of the rights given him by law, as husband, over the estate of the said Caroline, but that she should, after marriage as before, continue to manage, control and use her estate; that after said marriage, in obedience to this agreement, said Caroline continued to manage her property according to her own will, up to the date of her death; and that respondent did not, at any time after said marriage, receive or assume to control or manage any of her property, real or personal, as the husband or trustee of the said Caroline." He denied that he had committed any waste on the lands of his deceased wife, and alleged, as to the removal of the houses, that she, acting under the advice of her attorney, "against the will, and greatly to the annoyance and expense of this respondent, superintended and directed the removal of said houses to the lands of this respondent, giving as a reason for said removal that the lands on which they were placed would be her property after the death of this respondent." He also pleaded the statute of limitations of six years.

On final hearing, on pleadings and proofs, the chancellor rendered a decree for the complainant, directing the register to state an account of the waste committed, and ordering him to "calculate interest on the amount of damages from the date of the waste to the first day of the next term of this court." The defendant appeals from the decree, and here assigns each part of it as error, together with the overruling of the demurrer on all the grounds assigned, and the failure to dismiss the bill on sustaining the demurrer on the 14th ground assigned, the defect not having been remedied by amendment.

[DeBardelaben v. Stoudenmire.]

WATTS & SON, for the appellant.—(1.) The 14th ground of demurrer having been sustained, and no amendment made or offered, the bill ought to have been dismissed. The demurrer was properly sustained on that ground, because the averment that the wife held her property as a statutory separate estate was not the statement of a fact, but merely of a legal conclusion.—*Walker v. Allen*, 72 Ala. 456; *Gilchrist v. Shackelford*, 72 Ala. 7; *Cameron v. Abbott*, 30 Ala. 416; *Parker v. Haggerty*, 1 Ala. 632. (2.) Under the proof, the property of Mrs. DeBardelaben was held, owned and controlled by her, during coverture, as an equitable separate estate, under an ante-nuptial agreement between her and her intended husband, which was carried out in good faith. The husband had a right to refuse to become her trustee, to repudiate all control and management of her property, and renounce the rights and duties which would attach to him as trustee; and his marital rights never having attached, the property became an equitable estate in the wife.—*Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271; *Irwin v. Bailey*, 72 Ala. 467. Being an equitable estate, the wife could do as she pleased with the property; and if she consented to the removal of the houses to the lands of the husband, or herself removed them against his objection, they are to be regarded as a gift to him, and become a part of his real estate; and the husband did not, in either case, incur any liability to her, or to any one claiming under her. *Bryan v. Bryan*, 35 Ala. 290. (3.) There is no evidence showing that the lands were held by the wife as a statutory estate, under the will of her former husband. The bill so alleges, but the allegation is denied, and the will is not produced. If the lands were so held, the husband might renounce his marital rights, and refuse to assume the duties of trustee.—Cases above cited. (4.) If the rule of the common law prevailed, the husband would not be liable for waste.—Bish. M. W., §§ 570, 573, 584; *Roper v. Roper*, 29 Ala. 247; 7 Watts, 412. (5.) If the husband committed waste as alleged, or otherwise converted the wife's property, she had a right of action at law, which was barred by the statute of limitations of six years; and her right of action being barred at her death, no right of action survived in favor of her heir, devisee, or administrator. (6.) If the complainant had any right of recovery, his remedy at law was adequate and complete, and the fact that the property was trust property gave him no right to come into equity. *Sessions v. Sessions*, 33 Ala. 522. (7.) If any cause of action survived the death of the wife, it was in favor of her personal representative.—*Beattie v. Abercrombie*, 18 Ala. 9;

37

[DeBardelaben v. Stoudenmire.]

*Porch v. Fries,* 18 N. J. Eq. 210. (8.) For analogous cases, decided under similar statutes, see *South ird v. Plummer,* 36 Maine, 64 ; *Southard v. Piper,* 36 Maine, 84 ; *Smith v. Chappell,* 31 Conn. 589; *Jennings v. Davis,* 31 Conn. 134 ; *Fuller v. Mason,* 36 Conn. 160 ; *Hoyt v. Parks,* 39 Conn. 357. (9.) The husband was no t liable, in any event, or to any person, for interest on the value of the houses removed, if the removal be held an act of waste or conversion. Interest is in the nature of rents, income and profits, for which the husband can not be held liable, and which would not even support a conveyance to the wife.—*Early & Lane v. Owens,* 68 Ala. 171 ; *Whitman v. Abernathy,* 33 Ala. 160 ; *Ryall v. Prince,* 71 Ala. 66 ; *Cook v. Meyer,* 73 Ala. 584 ; *Sawyers v. Baker,* 77 Ala. 461 ; *Gordon v. Tweedy,* 71 Ala. 212.

Brickell, Semple & Gunter, *contra.* – (1.) The alleged ante-nuptial agreement, not having been reduced to writing, was void under the statute of frauds, and could not change the character of the wife's estate, nor prevent the husband's statutory rights and duties from attaching,—Code, § 2121 ; 1 Bish. M. W., § 805; *Carter v. Worthington & Smith,* at present term. (2.) There is no legal evidence showing that the wife ever consented to the removal of her houses ; and if she did in fact consent, her consent was no excuse. During coverture, except as to her equitable estate, the wife is regarded as *sub potestate viri,* and is capable of contracting or acting for herself.—Story's Equity, §§ 243, 1367 ; 1 Bish. M. W., §§ 35-39 ; *Phipps v. Sedgwick,* 95 U. S. 3 ; *O'Connor v. Chamberlain,* 57 Ala. 437 ; *Garrett v. Lehman, Durr & Co.,* 61 Ala. 394 ; *Loeb v. McCullough,* 78 Ala. 536 ; *Mitchell v. Dillard & Jones,* 57 Ala. 317 ; *Jones v. Wilson,* 57 Ala. 122 ; *Shulman v. Fitzpatrick,* 62 Ala. 571 ; *Dreyfus v. Wolffe,* 65 Ala. 496 ; *Gilbert v. Depree,* 63 Ala. 331 ; *Coleman v. Smith,* 55 Ala. 378 ; *Lee v. Tannenbaum,* 62 Ala. 501. (3.) As trustee of the wife, it was the duty of the husband to preserve and take care of her property ; and his liability for waste is the same as that of any other trustee.—*Lyne v. Wann,* 72 Ala. 43 ; *Smith v. Whitfield,* 71 Ala. 109 ; 1 Bish. M. W., §§ 797-803 ; *Lee v. Tannenbaum,* 62 Ala. 508. (4.) There being no personal representative of the wife's estate, and no outstanding debts against it, the complainant had a right to maintain the suit in his own name.—*Marshall v Crow,* 29 Ala. 278 ; *Vanderveer v. Alston,* 16 Ala. 494. (5.) If there was any error in the allowance of interest, it was cured by the *remittitur.* —*Hinson v. Williamson,* 74 Ala. 197. (6.) The ruling on the 14th ground of demurrer, if material, was waived.—*Byrd v. McDaniel,* 26 Ala. 582. But it was

not material, since the wife's estate is presumed to be statutory.—*Patterson v. Kicker*, 72 Ala. 406.

SOMERVILLE, J.—1. The bill avers the property in controversy, on which the alleged waste was committed, to have been the *statutory* separate estate of the deceased wife, Mrs. DeBardelaben. It having been shown that she was a married woman, and was in possession, claiming ownership of the property, the presumption would be that it belonged to her under the laws of Alabama, as a part of her statutory separate estate. If it was an equitable separate estate, the *onus* was on the defendant to prove this fact, not on the plaintiff to disprove it.—*Steed v. Knowles*, 79 Ala. 446; *Patterson v. Kicker*, 72 Ala. 406.

2. It is contended that the land, from which the houses were removed, was made the wife's equitable separate estate by reason of an ante-nuptial agreement between her and her husband, the appellant, by which he renounced his marital rights in the property, and agreed to let the wife retain the complete control and management of it. This agreement, however, was verbal, and was never reduced to writing. Whatever effect such an agreement would have operated to produce, if it had related to personal property, it was void, under the influence of the Statute of Frauds, because the right of the husband, claimed to have been relinquished by him, was *an interest in land,* and not, therefore, a proper subject of verbal transfer. We entertain no doubt of the proposition, that such a renunciation, which can be upheld only on the theory of a verbal gift by the husband to the wife, is not effective when relating to land, either as an alienation, or as an agreement to alienate, unless it be reduced to writing, and signed in proper form.—Code, 1876, §§ 2121, 2145.

It follows that the husband and wife had over the property in question, jointly or separately, only such power as is conferred on them by the statutes governing the wife's statutory separate estate.

3. Property thus belonging to the wife, at the time of this transaction, vested in the husband as her trustee, who had the right to manage and control the same, without liability to account for the rents, income, and profits. It could only be "sold" by husband and wife, for the purpose of reinvestment, and conveyed by them jointly, by instrument in writing, attested by two witnesses, or duly acknowledged. Code, 1876, §§ 2706, 2707, *et seq.* The husband, as trustee, is held to the same good faith, and discreet management of the trust property, as other express trustees under like cir-

cumstances, except only as his rights and duties are modified by statute.  He is liable to be removed from his trust, for a violation of his fiduciary duties, and the waste of the trust property,—even for misappropriating her income to his own personal uses, for which no other legal liability to any one rests on him.—*Kraft. v. Lohman*, 79 Ala. 323 ; *Lee v. Tannenbaum*, 62 Ala. 501.  A *fortio₁ i* would he be liable for the waste or destruction of the *corpus* of such property.  There is nothing in the statute from which it can be inferred, that the wife has any power to transfer her statutory separate estate to her husband, especially by way of a mere gift.  It is our opinion she can no more make a valid gift of such property to him, than she and the husband combined can make such gift to a third person.—*Smyley v. Reese*, 53 Ala. 89.  This, it is well settled, they can not do.  The statute prohibits husband and wife from contracting with each other, for the sale of any property.— Code, 1876, § 2709..  A contract for a gift of the wife's property is repugnant.to the policy of the statute, and is clearly prohibited by implication.

4.  It can not, for this reason, be material, whether the wife consented to the removal of the houses from her own .land to that of her husband, or not.  The act of removal was one of lasting damage to the freehold, permanently diminishing the value of the wife's estate.  And being unauthorized by law, it was a tort, for which the appellant, as trustee, was liable to account,—a clear act of voluntary waste, for which every trustee must be held *p₁ima facie* accountable to the *cestui que trust.*  The presence and verbal assent of the wife can impart no validity to such an act, nor do they operate upon her as an equitable estoppel.— *Williams v. Auerbach*, 57 Ala. 90 ; *Canty v. Sanderford*, 37 Ala. 91.

5.  The statute of limitations of six years was no bar to this action.  The defendant was the trustee of an express and continuing trust ; and such trusts being the exclusive subject of equity jurisdiction, a bar could be created only by the lapse of twenty years, in the absence of an open disavowal of the trust, accompanied by an adverse holding of the trust property, and a dissolution of the trusteeship.  *McCarthy v. McCarthy*, 74 Ala. 547.

6.  The decree was, probably, erroneous in charging the appellant with *interest* from the time of the commission of the waste up to the date of the wife's death.  But this was corrected by the *remittitur* on the part of the complainant, by which this part of the liability was expressly released.  *Hinson v. Williamson*, 74 Ala. 197.

7.  The averment and proof both being that the com-

plainant was sole devisee and owner of all the deceased wife's property, including the claim here in controversy, and that there was no administrator of the estate, nor debt against it, the suit was properly brought in the name of the complainant, as the equitable owner of the demand for which the defendant is liable to account as trustee in a court of equity.—*Wood v. Cosby*, 76 Ala. 557 ; *Vanderveer v. Alston*, 16 Ala. 494.

The other contentions of appellant are not, in our judgment, well taken. The decree of the chancellor is free from error, and must be affirmed.