# Glover *v.* Hill.

*Bill in Equity against Sureties on Bond of Deceased Administrator, for Account and Settlement.*

1. *Parties to bill; when administration is unnecessary.*—When the sole surviving distributee of a decedent's estate files a bill in equity against the sureties on the bond of the deceased administrator, to compel a settlement of his accounts, and it appears that there are no outstanding debts against the estate, there is no necessity for the appointment of an administrator *de bonis non;* and if there was only one other distributee of the estate, whose death during minority left the complainant sole heir and distributee, there is no necessity for administration on his estate.

2. *Assignments of error; rulings on exceptions to register's report.*— When the bill is filed against the sureties of a deceased administrator, to compel a settlement of his administration, and they appeal from the final decree, which is based on the register's report, an assignment of error in the decree generally is sufficient to reach the rulings of the

[Glover v. Hill.]

chancellor on their exceptions to the register's report, without a special assignment based on them.

3. *Allowance to administrator, for expenses of minor distributees.*—On settlement of the accounts of a deceased administrator, under a bill in equity filed against his sureties by the distributees of the estate, the defendants are entitled (Code, 1876, § 2644) to a credit for the reasonable value of the complainants' board while they resided with the administrator, and other necessary expenses paid by him for them, when it appears that they had no legal guardian, and no property except their interest in the estate.

4. *Record evidence of appraisement.*—The appraisement of the property of a decedent's estate being duly recorded as required by law, a certified copy from the record is presumptive evidence, and has the same effect as if the original were produced and proved (Code, 1876, § 3047); and if it is to be regarded as secondary evidence, it is properly admitted on proof of the loss of the original.

5. *Appraisement, as evidence against administrator and sureties.*—An appraisement of the personal property of the estate, made by commissioners appointed for the purpose, may not be admissible as evidence against the administrator, unless he connects himself with it in some way; yet, if he makes it the basis of a petition for the sale of property, this is a sufficient adoption of it as his inventory, no other inventory being shown, and makes it *prima facie* evidence against him and the sureties on his bond.

6. *Revision of chancellor's decision on facts; errors set off against each other.*—On appeal from a final decree in chancery, this court is required by statute to give no weight to the chancello.'s decision on facts, but to render such judgment as may seem just (Code, 1886, § 675); and in arriving at a just judgment in this case, the court sets off one error against another, and affirms the decree.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 6th October, 1885, by George W. Hill, sole surviving child and distributee of the estate of Bird Hill, deceased, against William C. Glover and others, as sureties on the bond of William J. Bennett, deceased, as administrator of the estate of said Bird Hill; and sought an account and settlement of said administration. Bird Hill died in said county, intestate, on the 2d November, 1876, leaving as his heirs at law and distributees of his estate his two minor children, William C. and Harrison Hill; and said Harrison Hill died, during minority, in 1878. Letters of administration on the estate of said Bird Hill were granted, in December, 1876, to said William J. Bennett; and he died in 1880, insolvent, without having made a settlement of his administration. An answer was filed by the defendants, admitting the facts above stated, but alleging that said administrator had paid out all the assets received by him, in the payment of the debts of the estate, and of necessary expenditures for the board, support and education of the children, who had no legal guardian, and no property

[Glover v. Hill.]

except their distributive interest in their father's estate; and they asked that their answer might be taken as a cross-bill, as to these matters of account, and that they be allowed proper credits for these expenditures. An administrator *ad litem* was appointed to represent the estate of Harrison Hill, and he was brought in as a party by amendment of the bill, and filed a formal answer. No administrator was appointed for the estate of Bird Hill.

On the statement of the account by the register, under an order of reference, the complainant offered in evidence an appraisement of the personal property of the estate, made by W. C. Glover and two other persons appointed by the Probate Court, which was returned to the court on the 15th January, 1877; a petition by the administrator, W. J. Bennett, for an order to sell the personal property; the order of the court granting said petition, and the report of the sale returned by the administrator. These several papers were admitted without objection, as offered; but, on a subsequent day of the reference, as the report states, "the complainant offered in evidence a certified transcript from the Probate Court of the appraisement of the personal property of said estate, the original paper being now lost or mislaid; to which the defendants objected, because it is secondary evidence, and no sufficient predicate is shown for its introduction. Objection overruled by register, and defendants except." The appraisement contained an item of 1,350 bushels of corn; the administrator's petition for an order of sale stated, that the appraisement had been made and returned to court, showing "a large lot of corn" on hand; and his report of the sale showed 460 bushels sold, at 36 cents per bushel. On the evidence adduced before the register, he charged the defendants with 890 bushels of corn, at 36 cents, as being the quantity unaccounted for by the administrator. The defendants excepted to this ruling, and the chancellor sustained their exception; and he also sustained their exceptions as to the admission of the appraisement. The register reported, also, that there were no valid subsisting debts outstanding against the estate of Bird Hill; that the administrator was accountable for assets received amounting, with interest, to $2841.72, including therein $630.10 (with interest), "surplus proceeds of sale of mortgaged lands, as per agreement of counsel;" and that he was entitled to credits, for supplies and necessaries furnished to the complainant and said Harrison Hill, amounting, with interest, to $1150.72. The re-

port was corrected, by striking out the charge for the corn, and as corrected was confirmed.

The defendants appeal from this decree, and here assign as error—1st, that the court erred in the decree rendered; 2d, that the court erred in proceeding to a final settlement in the absence of a personal representative of the estate of Bird Hill; 3d, that the court erred in appointing an administrator *ad litem* for the estate of Harrison Hill, and in proceeding to a final decree on the day of his appointment; 4th, that the court erred in proceeding to a final decree in the absence of an administrator of the estate of Harrison Hill.    There are cross assignments of error by the complainant, based on the chancellor's ruling in sustaining the defendants' exceptions to the register's report, as above stated.

J. E. BROWN, with R. C. BRICKELL, for appellants.

R. C. HUNT, and W. L. MARTIN, *contra*.

CLOPTON, J.—The bill is filed by George W. Hill, as sole surviving heir and distributee, against the sureties on the administration bond of William J. Bennett, who is also deceased, and seeks a settlement of his administration of the estate of Bird Hill, who died intestate.    There are cross appeals.

The register reported that there were no valid claims outstanding against the estate of Bird Hill, and his report was not excepted to in this respect.    All his debts having been paid, or presumed to be paid, or barred, no administration duties remained, but a settlement and distribution of the estate.    There is no necessity of an administrator *de bonis non*.    Harrison Hill, the only heir and distributee other than complainant, died while a minor, owing no debts, and leaving complainant his sole heir.    As, in such case, the only office of administration would be distribution, a court of equity will not put complainant to the unnecessary costs and expenses of an administration.    A personal representative of neither Bird Hill nor Harrison Hill is a necessary party. *Baines v. Barnes*, 64 Ala. 375; *Alexander v. Alexander*, 70 Ala. 212; *Fretwell v. McLemore*, 52 Ala. 124.

2.    Appellee insists, that the court should not consider the rulings on appellants' exceptions to the report of the register, which were overruled by the chancellor, there being no assignments of error based *specially* on such rulings.

Appellants' only remaining assignment of error goes to the decree generally, without specifying any particular provisions, but the decree includes the rulings on the exceptions to the report. In the settlement of administrations, especially when the liability of sureties is involved, we are not disposed to pass unnoticed rulings on exceptions to the report of the register, if error has intervened in stating the account, when there is a general assignment of error in the decree, the correctness of which is necessarily affected, though there may be no assignment based specially on such rulings.

3. The statute provides, that when an estate of a deceased person is solvent, and there are minors entitled to distribution therein, who have no legal guardian, it shall be lawful for the administrator to defray, out of the assets of the estate, the necessary and reasonable expenses for the maintenance and education of such minors; and upon the final settlement he shall be allowed credit for such expenses, to be charged against the share of such minors, and deducted therefrom on any distribution of the estate.—Code, 1876, § 2644. The evidence satisfies us, that complainant and his brother, Harrison Hill, had no means of maintenance and education other than what was received from the administrator, and that they lived with him, except during the time they were in Arkansas, or temporarily at other places. The defendants were entitled to, and should have received, credit for the reasonable value of their board during the time they lived with the administrator.

4. The original appraisement of the estate was introduced in evidence by complainant, without objection. It having been lost or mislaid during the progress of the reference, a certified transcript thereof was offered in evidence, to which defendants objected. The specified ground of objection is, that it is secondary evidence, and that no sufficient predicate was laid for its introduction. All other objections to its admissibility are considered as waived If it be regarded as secondary evidence, a sufficient predicate was laid, when it was shown that the original was lost or mislaid. But we do not so regard it. The appraisement is returned to the Probate Court, and there recorded and kept on file. Under the statute, a certified copy is presumptive evidence, and has the same effect as if the original were produced and proved. Code, 1876, § 3047.

5. The appraisement of an estate, being an *ex-parte* statement of third persons, may not be evidence against the

[Glover v. Hill.]

administrator, unless he connects himself with it in some way. The petition for the sale of the personal property states, that the estate had been duly appraised, and the appraisement returned to court. This was a sufficient adoption of it as his inventory, it not being shown that any other inventory was returned, to make it *prima facie* evidence against his sureties, of the assets of the estate, for which the administrator is responsible. The appraisement shows that there were 890 bushels of corn more than were reported sold. No attempt was made to show any mistake in the appraisement, and no account was given of the disposition of the corn. The defendants should have been charged with its reasonable value.

6. In deciding appeals from the Chancery Court, we are required to weigh the evidence, giving no weight to the decision of the facts by the chancellor, and give such judgment as we deem just.—Code, § 675. . Having regard to the requirements and policy of the statute, and as all parties should desire that this litigation be not protracted, with increased expenses, longer than may be necessary to do substantial justice, we have examined the proof with a view to determine what judgment should, under the circumstances, be deemed just. While it is impracticable to ascertain with definiteness and exactness the length of time, during which the complainant and his brother lived with the administrator, and the amount which should be allowed for their board, we may reasonably conclude from the whole evidence, that a proper allowance for board would be approximately an equivalent of the sum with which defendants should be charged for the corn unaccounted for. Therefore, the errors above mentioned may be set off against each other, and neither regarded in taking the account.—*Lyon v. Foscue*, 60 Ala. 468. It satisfactorily appears from the evidence, that a settlement was made between the administrator and complainant, in October, 1879, before the latter went to Texas, where he has remained ever since. It is true, this settlement does not bind him, being then a minor, and he has a right to have a full and fair settlement of the administration. The administrator is dead, many years have elapsed, and the means of proving the disbursements on account of the estate and the distributees are necessarily diminished. Under these circumstances, the settlement, the complainant's contemporaneous declarations, and his subsequent admissions, are entitled to consideration and weight

[Central R. R. & Banking Co. v. Smitha & Chastain.]

in the endeavor to reach a right conclusion. The facts and circumstances authorize the inference, that complainant, by way of advances for his and his brother's maintenance and education, and otherwise, had at that time received the portion of the personal assets of the estate, in the hands of the administrator, to which he was entitled as then ascertained by them. This conclusion is supported by its correspondence with the report of the register, as to the difference between the amount of the personal property received by the administrator, and the aggregate of the items of his disbursements on account of the distributees, as ascertained by him, when an allowance for board is added. The surplus of the proceeds of the land sold under the mortgage made by Bird Hill was not accounted for to the administrator, and did not go into his hands. The defendants admit that they are chargeable with the amount of the surplus. The difference between this amount, with interest thereon, and the sum decreed by the chancellor, is small, only a few dollars.

On the whole record and evidence, it appears to us that the result of the decree is substantially right, and it is therefore affirmed, on both the original and cross appeals.

Affirmed.