[Hopkins v. Miller.]

# Hopkins v. Miller.

| 92 | 513 |
| 117 | 616 |

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *When heirs or distributees may enforce lien.*—The distributees of the estate of a deceased vendor may maintain a bill in equity to enforce the lien for unpaid purchase-money, without administration on his estate, on averment and proof that he died intestate, leaving no outstanding debts, that the note is their property and in their possession, and that there is no necessity for administration on his estate; but an additional averment that complainants are "his only heirs at law." without more, does not show their right to maintain the bill as distributees.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

This was a bill filed by the appellees against the appellant, to enforce a vendor's lien on land for unpaid purchase-money. The averments of the bill are shown in the opinion. The defendants demurred to the bill, on the ground that the plaintiffs by their bill did not show in themselves a right to sue on the note and enforce a vendor's lien. This ground of demurrer is stated in many forms. The cause was submitted on the demurrers, which the chancellor overruled. The present appeal is prosecuted by the defendants in the court below, and the chancellor's interlocutory decree is assigned as error.

PETTUS & PETTUS, for appellant.—It is the settled rule of chancery pleadings, that the averments of the bill must be taken most strongly against the complainants.—*City of Demopolis v. Webb*, 87 Ala. 659. The averments of the bill are not sufficient to show that the complainants are the only heirs at law, or the only distributees of their intestate.—*Ballard v. Johns*, 80 Ala. 34.

JOHN H. CALDWELL, and CALDWELL & JOHNSTON, *contra.* The court rightly overruled the demurrer interposed by the defendant.—*Fretwell v. McLemore*, 52 Ala. 124; *Barnes v. Barnes*, 64 Ala. 275.

CLOPTON, J.—The demurrer to the bill, brought by the appellees to enforce a lien on land for unpaid purchase-money, is founded on the ground, that complainants do not show in them-

selves a right to sue on the note to enforce the vendor's lien. The bill avers that James R. Miller owned the land, and sold and conveyed it June 21, 1884, to Hopkins and another, who executed for the purchase-money not paid in cash the note, a copy of which is set forth in the bill, and makes an exhibit of the deed. The title of complainants to the note, and their right to file the bill, are averred in the third paragraph as follows: "Orators aver that said note has long since been due and unpaid; that said note is the property of your orators, in their possession, and will be produced on the trial of this cause ; . . . that the said James R. Miller has departed this life, intestate, leaving your orators as his only heirs at law ; and they aver that he left no debts unpaid, and there are no debts outstanding against his estate; that there is no administration upon his estate, and none is necessary." From these averments it is evident that complainants found their title to the note on the fact that they are the heirs at law, and file the bill as such, and also their right to file the bill without administration, on the ground that the estate owes no debts, and there exists no need for an administration.

When a person dies intestate owing no debts, and the only duty devolving on an administrator is distribution, the equity of those entitled to succeed to the personalty is perfect; and in such case a court of equity will dispense with an administration as being a "useless ceremony," and entertain a bill based on the equitable title of the distributees.—*Fretwell v. McLemore*, 52 Ala. 124 ; *DeBardeleben v. Stoudenmire*, 82 Ala. 574 ; *Glover v. Hill*, 85 Ala. 41 ; *Stevenson v. Anderson*, 87 Ala. 228. The general averment that the intestate "left no debts unpaid, and there are now outstanding no debts against his estate," is broad and comprehensive enough to embrace liabilities of every character and description, determinate and contingent ; but, in order to protect defendants against a recovery brought by an administrator subsequently appointed, satisfactory proof must be made that there are no subsisting liabilities against the estate of any character. If complainants are the only persons among whom the personal property is to be distributed, their right to file the bill, on the ground that an administration is unnecessary, is sufficiently averred.

Notwithstanding this, complainants must show that they are the persons, and the only persons, deriving title to the note by succession. The only averment showing their title is, that "James R. Miller has departed this life, intestate, leaving your orators his only heirs at law." The term *heir*, having acquired a definite and fixed meaning at common law, when employed

in judicial proceedings, the inference is that it is used in its common-law sense, no facts being averred showing otherwise. At common law, and in its 'legal sense, *heir at law* signifies one "who, after his ancestor's death intestate, has a right to all lands, tenements and hereditaments, which belonged to him, or of which he was seized."—Bouv. Law Dict. The word *heir* has no legal signification in respect to persons entitled to succeed to the personal property of the intestate. These are now usually signified in judicial proceedings, as well as in judicial decisions, by the term *distributees*, there being no other as appropriate, whatever may have been originally thought of the propriety of its use. Those who take by descent the real property of an intestate, are not always the same persons among whom the personal assets are to be distributed. Under the statutes of this State, the personal estate of a person dying intestate is to be distributed in the same manner and according to the same rules as his real estate, except that the widow is entitled to all the personal estate, if there be no child, and if there be children, to a distributive share, the quantity dependent upon the number of children, but in no case less than one-fifth.—Code, § 1924. As to real estate, the widow is only entitled to dower, and the heirs at law, whether children or next of kin, take by descent the lands, tenements and hereditaments subject to her dower. Complainants, therefore, may be the only heirs at law, and not the only persons among whom the personal property is to be distributed.

In *Ballard v. Jones*, 80 Ala. 32, it is said : "Our statutes nowhere abrogate the established rule of pleading, that where one claims by inheritance, he must, in general, show how he is heir, and if he claims by mediate, not immediate descent, he must also show the pedigree." The note sued on being personal property, it is essential to complainants' right to sue, that the bill should aver the facts constituting them the distributees of the estate. It fails to aver in what State Miller died. If in this State, the bill should aver that there is no widow, and that complainants are either his children or next of kin, and in what manner. If at the time of his death he was a resident of another State, the bill should set forth the facts showing that complainants are entitled to the note sued on under the statutes of distribution of such State. In either case, the facts must be proved ; otherwise, a recovery in this suit would be no bar to a subsequent suit on the same cause of action brought by the persons entitled to succeed to the personalty. The averment in the bill, that complainants are the only heirs at law, is insufficient.

For the failure to aver the facts showing that complainants

are the persons entitled to succeed to the personalty, and that
they have a right in themselves to sue on the note to enforce
the vendor's lien, the bill is defective, and the demurrer should
have been sustained.

Reversed and remanded.


