# Teal *et al.* v. Chancellor.

*Bill .in Equity by Distributee for Recovery of Distributive Share in Intestate's Estate.*

1. *Parties to bill; when distributee can maintain bill without administration on intestate's estate.*—When a person dies intestate owing no debts, and the only duty which would devolve on the administrator, if one were appointed, would be that of making distribution of the estate, the equity of the distributees is perfect; and dispensing with an administration on such estate, courts will entertain suits by such distributees for the recovery of the personal assets of the estate or for the recovery by the distributees of their respective shares.

2. *Same; same; case at bar.*—Where an intestate leaves no debts and there has been no administration of his estate, a suit can be maintained in equity by one of the distributees against persons in possession for a distribution of the estate, for an accounting of such portion of the estate as may have been wasted or converted, and for a recovery of the complainant's distributive share of the estate; and this is true, even though the possession of the defendants be adverse to the title of the complainant.

3. *Equity pleading; amendment of bill.*—In determining whether the bill as amended is demurrable in that it introduces a new cause of action or essentially departs from the case made by the original bill, the controlling inquiry is whether the allegations of fact setting forth the right and title of the complainant and the wrongs or liabilities of the defendants are changed, and for them other facts substituted from which the right to relief is deduced.

4. *Same; same; amendment of bill by distributee seeking recovery of his distributive share of estate of intestate.*—Where a bill is filed by one of the distributees of the estate of an intestate against co-distributees for the recovery of complainant's distributive share, an amendment of such bill by making the wife of one of the defendants a party defendant, and by alleging that the deceased was the owner of personal property and of real estate other than that described in the original bill, which the said wife claimed and was using in connection with and by the consent of her husband, but to which she had no title or interest, and praying that her claim be cancelled, and that she and her husband be charged with the property converted, to the extent of the complainant's interest, does not introduce a new cause of action, or essentially depart from the case made by the original bill; and the bill so amended is not subject to demurrer as being a departure from the case made by the original bill,

[Teal *et al.* v. Chancellor.]

5. *Same; bill for recovery of distributive share of estate; partition.*—A bill filed by one of the distributees of the estate of an intestate, against her co-distributees and the wife of one of them, for the recovery of complainant's distributive share of the estate and for an accounting of such portion as may have been wasted or converted, can not be construed as a bill for the partition of lands, because it is alleged in the amendment thereto that the intestate, at his death, owned a large amount of real estate and personal property other than that described in the original bill, and that the said wife of one of the defendants, in connection with him and by his consent, had converted, used and set up a claim to all of the personal property described in the original bill of complaint, and the prayer of the bill, as amended, was that said wife's claim be cancelled, and she and her husband be charged with the property converted to the extent of the complainant's interest, and for a distribution of the estate.

6. *Bill for distribution of estate; right to maintain such bill against husband and wife.*—A suit can be maintained in equity by one of the distributees of the estate of an intestate against a co-distributee and his wife, who were in possession of the property of the estate, for the recovery of complainant's distributive share of the estate and for an accounting of such portion thereof as may have been wasted or converted, where it is shown that the wife and her husband had participated in the waste or conversion of much of the property of the estate, and in the wrongful withholding of the part that remained; the statute, (Code of 1886, § 2345; Code of 1896, § 2525), relieving the husband from liability for the torts of his wife in which he had not participated, and making him jointly liable for torts in which he participated.

7. *Same; equity pleading; misjoinder of parties; how objection raised.* If, in a suit by one of the distributees of an estate against a co-distributee and his wife for the recovery of complainant's distributive share and for an accounting of such portion as may have been wasted or converted, the wife is improperly joined as a party defendant, such objection can be raised only by the wife herself, and the misjoinder is not an objection available to her co-defendant.

8. *Same; multifariousness.*—A bill filed by one of the distributees of the estate of an intestate against complainant's co-distributees and the wife of one of them, for the recovery of the complainant's distributive share of the estate and for an accounting of such portion of the estate as may have been wasted or converted, and which avers the possession and wrongful withholding by the defendants of all the personal and real property belonging to the estate of the intestate, is not multifarious.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee against the appellants. The appeal is from a decree of the

chancellor overruling the demurrers interposed to the bill. The facts of the case, together with the grounds of demurrer, which are reviewed on the present appeal, are sufficiently stated in the opinion.

R. L. HARMON, for appellants.—The demurrer to the bill as amended should have been sustained. The amendment was clearly a departure from the original suit, and introduces an entirely new cause of action. *Mut. Life Ins. Co. v. Randall*, 74 Ala. 170.

The bill is clearly multifarious. It seeks a judgment against Palestine Teal on a purely legal demand, while it is shown that she has no interest in the property as a tenant in common. If the bill is one for partition and division of property among the joint owners, it is clear that a stranger who has no interest in the subject matter of the suit can not be brought in as a defendant to adjudicate a legal demand for conversion of which it is charged she is guilty. She has no interest in common with the other parties to the proceeding.—*Bullock v. Knox*, 96 Ala. 195; *Johnson v. Parkinson*, 62 Ala. 456; *Clay v. Gurley*, 62 Ala. 14; *Adams v. Jones*, 68 Ala. 117; *Hardin v. Swoope*, 47 Ala. 273; *Kinsey v. Howard*, 74 Ala. 236; *Bean v. Bean*, 37 Ala. 17.

While a court of equity has original jurisdiction for the partition and division of property among joint owners, or tenants in common, it has no jurisdiction independent of the statute to order a sale of property held by adult owners as tenants in common, and a bill which seeks, as this does, partition and division and a sale of property which is shown by the bill to be in the adverse possession, under claim of right and title, of Palestine Teal, who is not an heir of the common ancestor, and who has no interest in common with the complainant and the other two respondents to the bill, is multifarious.—*Bullock v. Knox*, 95 Ala. 195; *McEvoy v. Leonard*, 89 Ala. 455; *West v. West*, 90 Ala. 462; *Hillens v. Brinsfield*, 108 Ala. 605.

HUBBARD, WILKERSON & HUBBARD, *contra*.—The complainant had a right to maintain the bill in this case, although there had been no administration of the estate. *Hopkins v. Miller*, 92 Ala. 513; *Cooper v. Davison*, 86 Ala. 367.

[Teal *et al.* v. Chancellor.]

The court had jurisdiction to grant the relief prayed for.—*McMath v. DeBardelaben*, 75 Ala. 68 ; *Gore v. Dickinson*, 98 Ala. 363 ; *Ormond v. Martin*, 37 Ala. 598 ; Acts of 1892-93, p. 42.

BRICKELL, C. J.—The appellee, one of the next of kin and distributees of her deceased father, Arnold Teal, who died intestate, leaving three children, his only next of kin, filed the original bill against her co-distributees, a brother and sister, for the recovery of her distributive share, upon allegations that the defendants had taken possession of the personal property of the intestate, wasting or converting much thereof. The bill alleges that the deceased left no debts whatever, and that there had been no administration taken on his estate. Subsequently, the bill was amended so as to make Palestine Teal, the wife of one of the defendants, A. L. Teal, a party defendant ; and in the amendment it is alleged that the deceased was the owner of à large amount of personal property other than that stated in the original bill, and also of real estate, describing the two, as "all the real estate and personal property named in the instrument attached to the answer in this case of respondent A. L. Teal, marked as exhibits A and B," and alleging a conversion of the personal property by Palestine Teal and her husband ; and averring that Palestine claimed and was using it, "in connection with and by the consent of her husband ;" and further averring the "fact to be that the said Palestine Teal is not the owner of any of the property mentioned or referred to in the original nor in this amended bill, nor has she any interest therein." The prayer of the bill as amended, is that Palestine's claim be cancelled, that she and her husband be charged with the property converted by them, to the extent of complainant's interest, and for distribution of the estate, and for general relief.

The bill original and amended was demurred to by all the defendants, and numerous causes were assigned. The demurrers were overruled, and from the decree overruling them, the appeal is taken.

1. The causes of demurrer, it is perhaps the more orderly first to consider, rest upon the proposition, that for the grievances which make up the gravamen of the original and amended bill, the complainant has an ade-

quate remedy at law. This to a certain extent would be true, if the title of the complainant, and her consequent right to sue, was *legal*; but her title and her capacity to maintain suit is purely and strictly *equitable*. By the common law, the legal title to all personal property of a deceased person, devolves on his personal representative—if he dies testate, on the executor of his appointment, if intestate, upon the administrator of the future appointment of the court of probate; the title of such administrator having relation to the death of the intestate. In courts of law, the personal representative only can maintain suits of which personal assets are the subject matter.—1 Brick. Dig., 932, § 264. And in courts of equity, the general rule is, that personal assets are recoverable only by the personal representative. Neither creditors, nor legatees, nor distributees, can maintain suits concerning them, though when recovered the personal representative holds them in trust for their ultimate benefit. There are recognized exceptions to the rule prevailing in courts of equity, all of which however proceed on the theory that the right and title of the creditor, or of the legatee, or of the distributee, is purely equitable. We have concern now with only one of these exceptions, and that is, that when a person dies intestate, owing no debts, and the only duty which would devolve on the administrator if one were appointed, would be that of making distribution, the equity of the distributees is perfect, and the court will dispense with an administration, entertaining suits by them for the recovery of the personal assets.—*Hopkins v. Miller*, 92 Ala. 513; *DeBardelaben v. Stoudenmire*, 82 Ala. 574; *Glover v. Hill*, 85 Ala. 41; *Fretwell v. McLemore*, 52 Ala. 124, and authorities cited. It is sufficient now to say, that the bills make a case falling within this exception, and the demurrers we are considering were properly overruled.

2. The bill is not exclusively a bill for partition—it is a bill for an accounting of the personal property which has been wasted or converted, and for the allotment to complainant of her share in such parts thereof as may remain *in specie*, capable of division or partition. We may concede that it is shown by the bill, that the possession of Palestine Teal to such parts of the property, as it is alleged she claims, was hostile and adverse to the

[Teal *et al.* v. Chancellor.]

title of the complainant. The concession does not render the bill demurrable; for, as we have already held, the right and title of the complainant was purely equitable, as was her remedy. The complainant stands in the relation of an administrator, so far as the recovery of her share of the personal assets is the matter of suit, with all the rights which would have devolved on him; and surely, it would not be insisted, that he could not have recovered the assets from an adverse holder. Beside, an adverse possession is not in a court of equity a bar to a suit for partition of personal property, for the reason that a co-tenant has no remedy at law which he can pursue against the wrong-doer.—Freeman on Cotenancy & Partition, § 426; *Smith v. Dunn*, 27 Ala. 315; *Marshall v. Crow*, 29 Ala. 278. There was of consequence, no error in overruling the third and ninth causes of demurrer to the amended bill.

3. The first, second, and third causes of demurrer, proceed on the theory, that the amended bill introduces a new cause of action, because it seeks the partition of lands, and of other personal property than that mentioned in the original bill. If this be true, there is no rule of equity practice which prevents a complainant from introducing a new cause of action by amendment, if the amendment does not make an entirely new case. The only limitation of the right of amendment under our statute (Code of 1886, § 3449; Code of 1896, § 706) is, not that a new or additional cause of action may not be introduced, but that an entirely new case may not be made; nor, what is essentially the same thing, a radical departure from the cause of action as stated in the original bill, nor an entire change of parties plaintiff or defendant. Keeping within this limitation, all errors of omission or commission, all deficiency or insufficiency of allegation in the statement of the plaintiff's case, are curable by amendment.—3 Brick. Dig. 380, § 209. Under the general rules of chancery practice prevailing prior to the statute, it was regarded as the proper office of an amendment to introduce new matter, not in its nature supplemental, germane to the matter of the original bill, though a new case could not be made.—Story Eq. Pl. §§ 865–890; 1 Dan. Ch. Pr. 402–426. The rule was, as it is now, under the statute, that an amendment has relation to

the filing of the original bill ; but this was not and is not so applied as to prejudice the defendant—to deprive him of any defense as to the new matter, available at the time of its introduction.—*King v. Avery,* 37 Ala. 169 ; *Adams v. Phillips,* 75 Ala. 469. The material controlling inquiry, in determining whether an amended bill makes a new case, or essentially departs from the case made by the original bill, is whether the allegations of fact setting forth the right and title of the plaintiff, and the wrong or liability of the defendant are changed, and for them other facts substituted from which the right to relief is deduced.—*Truss v. Miller,* 116 Ala. 494. The combination of facts which constitute the plaintiff's cause of action, and from which the wrong and liability of the defendant arises, is not varied by the amendment, and these causes of demurrer were properly overruled.

4.  The several causes of demurrer proceeding on the hypothesis that the amendment seeks, or has an appropriate prayer for, the partition of the lands of the intestate, are founded in misconception of the amendment. In the first paragraph of the amendment, it is alleged that at the time of his death the intestate was the owner of a large amount of real estate and personal property other than that named in the original bill of complaint, to-wit, all the real estate and personal property named in the instrument attached to the answer in this case of respondent A. L. Teal, marked exhibit "A & B" ; "that Palestine Teal, wife of said A. L. Teal, sets up claim to all of said property named or embraced in the original bill of complaint, and she has taken the possession thereof, and has held or holds the same, asserting and claiming that it is hers, and has used and is so using it in connection with and by the consent of her said husband, and as her own property." This is the only reference or allusion to land in the original or amended bill, and obviously, there is no more than the allegation that the intestate owned real estate, without allegation on which relief in reference to it could be based.

5.  The eighth cause of demurrer was properly overruled. Palestine Teal was properly joined as a defendant with her husband. According to the allegations of the amendment (and the truth of the allegations, the demurrer admits), she and her husband had participated in the waste or conversion of much of the personal prop-

[Teal *et al.* v. Chancellor.]

erty of the intestate, and in the wrongful withholding of such as remained, not wasted or converted. At common law, the husband was liable for the torts and frauds of the wife committed during coverture. If they were committed in his presence, or by his command, he alone was liable: If not, they were jointly liable,: and the wife must have been joined in the suit with the husband.—2 Kent 169. The statute (Code of 1886, § 2345, Code of 1896, § 2525) relieved the husband from liability for the torts of the wife in which he does not participate; but if he participates, renders them jointly liable. The plain purpose of the statute, when there is participation by the husband, is, to place them in the relation, and subject them to the liability, of all joint tort-feasors. For another reason, the demurrer was not well taken. If the wife had been improperly joined, the misjoinder was not an objection available to her co-defendants, and yet all join in the demurrer.—1 Brick. Dig. 753, § 1689.

6. The remaining causes of demurrer rest on the ground that the bill is multifarious. We deem it necessary to say no more in reference to these causes of demurrer than that several of them are founded in the misconception, we have already pointed out, that the bill seeks a partition of the lands. Multifariousness is described generally, "as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, properly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill."—Story Eq. Pl. § 271. The object and purpose of this bill is the recovery of, or accounting for, the personal assets of the intestate, and the allotment of her share thereof to the complainant. There is no party joined as a defendant, who is not liable for the assets, or waste or conversion; and it seems difficult to conceive of a bill less subject to the objection of multifariousness. We must not be understood as intimating the opinion that the bill would have been multifarious if partition of the lands had been united with an accounting for or the recovery of the personal assets—that question is not now presented.

We have considered all the causes of demurrer insisted on in argument of counsel for appellant, and are of opinion they were properly overruled.

Let the decree of the chancellor be affirmed.