(85 South. 843)

HOPPER et ux. v. CROCKER. (7 Div. 606.)

(Court of Appeals of Alabama. Nov. 11, 1919. On Rehearing, Feb. 10, 1920.)

1. HUSBAND AND WIFE ⬡⮞102—JOINTLY LIABLE FOR ALLOWING RABID DOG TO RUN AT LARGE.

Where a husband and wife, being the owners and having control of a dog which had been bitten by a rabid dog, allowed the animal to run at large, they were jointly liable, notwithstanding Code 1907, § 4491, declaring that a husband is not liable for the torts of wife in the commission of which he does not participate, and the wife cannot escape liability on the ground that she was acting under the direction of her husband; the case not being one where the husband could be held solely liable because the head of the house.

2. ANIMALS ⬡⮞74(2)—COMPLAINT FOR PERSONAL INJURIES BY DOG HELD SUFFICIENT.

A complaint, alleging defendants, husband and wife, being the owners of and in control of a rabid dog, which defendants knew had been bidden by a dog with rabies, negligently allowed the animal to run at large, and as a result he bit plaintiff, was sufficient to state a cause of action.

3. JUDGMENT ⬡⮞237(1)—RECOVERY AGAINST PERSONS JOINTLY SUED.

As a general rule, where two or more are jointly sued as defendants, according to the proof, a recovery may be had as to all, or as to any number less than all, and it is only where the action is in case for a negligent performance, or for a negligent failure to perform a duty arising out of a contract, whereby injury and damage results, that the liability is restricted to the parties to the conduct as alleged in the complaint.

4. TRIAL ⬡⮞139(1)—GENERAL CHARGE PROPERLY REFUSED.

Where there was testimony tending to prove the allegations of the complaint, the general charge was properly refused.

5. TRIAL ⬡⮞260(1) — REFUSAL OF CHARGE COVERED IS NOT ERROR.

The refusal of a requested charge covered by those given was not error.

6. ANIMALS ⬡⮞68—DOG OWNER'S LIABILITY STATED.

The owners of a dog, knowing that it had been bitten by a rabid dog and was liable to develop the disease, are liable to one bitten, where they allowed it to go at large, even though they did not turn the animal out.

On Rehearing.

7. ANIMALS ⬡⮞74(5) — EVIDENCE HELD TO SHOW RABID DOG WAS ALLOWED TO RUN AT LARGE.

In an action against a husband and wife by plaintiff, bitten by a rabid dog owned by the wife, evidence *held* to warrant finding that the spouses allowed the animal to run at large, though it was actually liberated by an adopted child in their presence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Luvisa Crocker, by her next friend, against Marion Hopper and his wife, for damages for personal injury resulting from a bite of a dog. Judgment for plaintiff, and defendants appeal. Affirmed.

Certiorari denied 204 Ala. 698, 85 South. 922.

The pleadings and the tendencies of the evidence sufficiently appear from the opinion of the court. The following charges were refused to the defendant:

(2) Unless the dog that bit plaintiff was mad or rabid, plaintiff would not be entitled to recover.

(3) Unless the jury are reasonably satisfied from the evidence that the defendants turned out the dog that bit plaintiff, or caused it to be turned out, their verdict should be for the defendant.

(4) Affirmative charge as to defendant Mary Hopper.

(5) Affirmative charge as to both defendants.

(6) Direction not to find for the plaintiff under the fifth count of the complaint.

Hood & Murphree, of Gadsden, for appellants.

Defendants' liabilities depended on their prior knowledge that the dog was vicious, or that it had been exposed to the bite of a rabid dog. 7 Ala. 169; 22 Ala. 568; 48 Ala. 220; 1 R. C. L. 1116. Under these authorities, counts 4 and 5 were subject to the demurrer. Charge 4 should have been given. 101 Ala. 409, 13 South. 260. The evidence failed to show either joint negligence or joint knowledge, and charge 5 should have been given. 42 Ala. 322; 80 Ala. 51; 99 Ala. 501, 14 South. 495; 162 Ala. 534, 50 South. 150; 181 Ala. 279, 61 South. 276.

———

⬡⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

P. E. Culli, of Gadsden, for appellee.

Counsel criticizes the authority cited by appellant, and insists that this was a case of special joint negligence, and that therefore the rulings of the court were without error.

SAMFORD, J. Counts 4 and 5 of the complaint were as follows:

"Comes now the plaintiff, and, by leave of the court being first had and obtained, amends her complaint, by adding thereto the following counts, to wit:

"(4) The plaintiff claims of the defendants the sum of one thousand dollars as damages, and for cause of action states: That the defendants were the owners of or in control of a dog, which dog was rabid, or which defendants knew or had good reason to believe had been bitten by a rabid dog within the time in which said dog was liable to develop rabies, and defendants knew or had good reason to believe that said dog would likely bite people if permitted to run at large, and that the defendants negligently permitted said dog to run at large, and, as a proximate consequence thereof, on, to wit, April 23, 1917, while the plaintiff was at or near her home in Etowah county, and while said dog was so running at large the said dog bit the plaintiff, making her sick, and causing her great mental and physical pain, and causing her to incur large doctor bills, and to go to Montgomery at great expense to take the Pasteur treatment, in seeking to be cured of her said injury, and causing her to be nervous and permanently injuring her.

"(5) The plaintiff claims of the defendant the sum of one thousand dollars as damages, and for cause of action states: That the defendants were on the 23d day of April, 1917, the owners of or in control of a dog, which dog was rabid, or which the defendants knew had been bitten by a rabid dog within the time in which said dog would probably develop rabies, and that said dog was likely to bite persons, if permitted to run at large; that on said date the defendants negligently permitted said dog to run at large, and as a proximate consequence thereof, while the plaintiff was near her home, on said date, said dog so running at large bit the plaintiff, and made her sick, and caused her to suffer great mental and physical pain, causing her to go to Montgomery at great expense to take the Pasteur cure, in seeking to be relieved of her said injury, and plaintiff was by reason of said bite made nervous and permanently injured. Hence this suit."

[1-3] It will be observed that counts 4 and 5 of the complaint do not charge the defendants with being the owners or keepers of a dangerous animal, as was the charge in the case of Strouse v. Leipf, 101 Ala. 433, 14 South. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122, in which case the court properly held that the wife, living with the husband in the common home, was not liable. In the instant case the charge is of a special act of negligence, in that, being the owners or keepers, or having the control, they negligently

permitted the animal to run at large—a direct agency charge against both defendants, of which both or either might have been guilty. As was said by Brickell, C. J., in Teal et al. v. Chancellor, 117 Ala. 612, 619, 23 South. 651, 653:

"The plain purpose of the statute [section 4491, Code 1907], when there is participation by the husband, is to place them in the relation, and subject them to the liability, of joint tort-feasors."

The negligence in permitting the dog to escape was essential to the maintenance of the action. The counts were sufficient to charge the duty to the plaintiff, the breach of that duty by the defendants, and damage to plaintiff as a proximate result, and were therefore not subject to the demurrers interposed. In Coal City Mining Co. v. Davis, 81 South. 358, 359,[1] this court drew the distinction between actions of tort where two or more defendants were sued jointly. As a general rule, where two or more are jointly sued as defendants, according to the proof, a recovery may be had as to all, or as to any number less than all, and it is only where the action is in case for a negligent performance, or for a negligent failure to perform a duty arising out of a contract, whereby injury and damage results, that the liability is restricted to the parties to the contract as alleged in the complaint.

[4] There was testimony tending to prove the allegations of the complaint as laid, and therefore the general charge as requested by the defendants was properly refused.

[5, 6] Refused charge No. 2, requested by the defendants, is covered by given charges F and E. Charge No. 3 asserts a proposition in conflict with the foregoing views, and was properly refused.

As we have already said, this case is different from the cause of action stated in the Strouse v. Leipf Case, supra. The charge against the wife is that of a tort, for which she is suable separately or jointly with her husband, as the facts may warrant, and hence charges 4, 5, and 6, requested by the defendant, were properly refused.

The motion for a new trial was properly overruled. Code 1907, § 4491; Teal v. Chancellor, 117 Ala. 612, 23 South. 651.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[7] Keeping in mind that this complaint charges a special act of negligence, in that the defendants permitted the dog to run at large, let us consider the tendencies of the evidence:

It is perfectly clear that all of the defend-

---

[1] Ante, p. 22.

ants were in possession of sufficient facts to put them on notice that the dog had been bitten by a dog that was mad, and would probably develop rabies. Indeed, this fact so impressed defendants that the dog in this case, though small and a household pet, was confined in a stall and kept there for some time. It is also apparent that the dog was turned out of the stall and permitted to run at large at a time when to do so was a menace to the public. This is shown by the result. Under the facts and circumstances, it was a question for the jury to say whether the act of turning out the dog was negligence. But these defendants say that, even if there was negligence, they did not participate in it, and are not responsible for it, because the turning out of the dog was the act of Newton Brown, one of the original defendants, who is now dead, and as to whom the suit was abated. On this point it appears that these defendants are husband and wife, that Newton Brown was an adopted son, that they were all living together as one family, that the dog was a small fice, and a household pet, that the title to the dog was claimed by the wife, that they were all three down at the stall looking at the dog, and talking about it, at the time Newton Brown turned it out, that Newton said there, in the presence and hearing of all of them, that he was going to turn it out, and although the husband, who controlled the household, and the wife, who claimed to own the dog, said nothing, the jury could conclude that they were present and impliedly consenting to the act.

We see no reason for changing the conclusions heretofore reached, and the application for rehearing is denied.

Application for rehearing denied.